### TERRE HAUTE & I. R. CO. v. MANSBERGER.

(Circuit Court of Appeals, Seventh Circuit. January 14, 1895.)

No. 178.

1. REVIEW ON APPEAL—NEGLIGENCE—OBJECTION NOT RAISED BELOW.
    Where, in an action for personal injury, the trial court is not asked to instruct the jury to find for the defendant, the question of negligence, being thus submitted to the jury as one of fact, is not reviewable on appeal.

2. MASTER AND SERVANT—FELLOW SERVANTS—CAR INSPECTOR AND BRAKEMAN.
    A car inspector is not the fellow servant of a brakeman. Railroad Co. v. Myers, 63 Fed. 793, followed.

3. SAME—CONTRIBUTORY NEGLIGENCE.
    Where a brakeman is injured by the breaking of a defective coupling pin, the fact that he was at the time on top of the car, instead of on the ground beside the car, as the rules of the railroad company required, does not constitute contributory negligence, since his improper position was not the proximate cause of the injury. Phillips v. Railway Co., 25 N. W. 544, 64 Wis. 475, followed.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Action on the case by William M. Mansberger against the Terre Haute & Indianapolis Railroad Company. Plaintiff obtained judgment. Defendant brings error.

Greene & Golden, for plaintiff in error.

Craig & Hamlin, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

BAKER, District Judge. It is contended that the court erred in submitting to the jury the question whether the plaintiff in error was chargeable with negligence in using the defective coupling pin, the breaking of which permitted the cars to separate, and thus caused the defendant in error, in attempting to pass from one car to another, to fall between them, and sustain the injuries of which he complains. The plaintiff in error did not ask the court to give to the jury a binding instruction to return a verdict in its favor, for the reason that there was not sufficient evidence to authorize them to find and return a verdict for the defendant in error. The case was submitted to the jury on the evidence produced, without any objection specifically asking the court to rule as matter of law that there was such failure of proof as would preclude a verdict for the plaintiff below. The question of the negligence of the plaintiff in error in

using the defective coupling pin having been submitted to the jury as a question of fact, without objection, their finding on that question is conclusive on this court. Elevator Co. v. Lippert, 63 Fed. 942. We have no authority to review any questions except rulings of the trial court involving matters of law, properly saved by exception and assigned for error. And if the question of the sufficiency of the evidence to prove actionable negligence in the use of the defective coupling pin were open to review here, we could not examine it, because the bill of exceptions does not profess to embody all the evidence given on the trial of the cause. Railroad Co. v. Myers, 63 Fed. 793.

We have carefully read the evidence in the record, and are satisfied that it was sufficient to carry the question of negligence to the jury. The defendant in error was a brakeman on an east-bound through freight train of the plaintiff in error, which had been made up in its yards at East St. Louis, in the state of Illinois. Near Pine Bluff City, in that state, the train parted. The forward part of the train, consisting of the engine and tender and 13 freight cars, became separated from its rear part, consisting of a caboose and 7 freight cars. The crew with the forward part of the train consisted of the engineer, fireman, and one brakeman, the defendant in error. He was on the top of the cars, while the engineer was backing the forward part of the train down a steep grade, to couple onto the detached portion. The defective coupling pin in question was in use as a part of a foreign car which had been delivered to the plaintiff in error for transportation over its line, and had been put into the train at East St. Louis. This coupling pin was broken while the forward part of the train was moving back, and the thirteenth car, on which the defendant in error was riding, became separated from the twelfth car, and in attempting to pass from one to the other he fell between them, and was seriously injured. The night was dark, and it had been snowing somewhat. His purpose in attempting to pass from the thirteenth car to the twelfth was to enable him to reach and set the brake on the eleventh car, with a view to control the movement of the forward section of the train. The evidence shows that the coupling pin had a break in it extending from one-fourth to one-third of the way through it; that the break was rusty, and looked as though the pin had been cut into with a knife, and had then been exposed to the weather. The only witness who spoke on the subject said he could not say whether or not the fracture could have been seen before the pin was broken.

It is insisted that the jury was not warranted, on this state of the proof, in finding negligence in the use of a defective pin. It is claimed that the plaintiff in error had a car inspector at East St. Louis, and that, while there is no evidence to prove that he actually inspected the car having the defective coupling pin, the presumption, in the absence of proof, is that he performed his duty, and inspected the car, and discovered no defect. And it is further claimed that, if the inspector neglected to inspect the car, or if he made an insufficient inspection, the defendant in error can have no recovery for such negligence, because the car inspector is to be deemed the fellow servant of the injured brakeman. We have held in the recent case

of Railroad Co. v. Myers, 63 Fed. 793, that it is the duty of a railroad company receiving foreign cars for transportation over its line to inspect them, to see if they are in a reasonably safe condition of repair; that, if they are found to be out of repair, the company must refuse to receive them, or, having received them, it must put them in a reasonably safe condition of repair; that the inspection required to be made is not merely a formal one, but it must be made with such care as the exigency of traffic will permit, having regard to the hazard of the service; and that the failure to make such inspection, or, if such inspection is made, the failure to give notice of defects to those who may be required to work upon or about such defective cars, would be evidence of actionable negligence. And we there further held that the car inspector was not the fellow servant of the brakeman, but that he represented the master, who was responsible for his negligence. The neglect of the car inspector, therefore, to make any inspection, or his neglect to make it with reasonable care, having regard to the hazard of the service, is the negligence of the company. If we should agree with counsel for the plaintiff in error that, in the absence of proof, the presumption is that the car inspector at East St. Louis inspected the foreign car having the defective pin, it would not aid their contention, because the jury had a right, from the facts before them, to reach the conclusion that, if an inspection was made, it was not made with such care and prudence as would relieve the plaintiff in error from the charge of negligence. We could not, therefore, say, if we were authorized to review the finding of the jury,—and we are not,—that their verdict is unsupported by the evidence.

It is further contended that a rule of the plaintiff in error made it the duty of the defendant in error to have been on the ground, walking, at the rear of the forward section of the train, acting as a flagman; and that, if he had been on the ground, he would not have been injured. This part of the train was backing down a heavy grade, so that, in the judgment of the brakeman, it became necessary to set some of the brakes, to control the movement of the cars. It was his intention, when he had set enough brakes to accomplish this purpose, to get down, and act as a flagman. The engineer moved the cars so rapidly that the brakeman did not deem it safe to attempt to get down. It is said that the negligence of the engineer in running too rapidly upon a down grade contributed to the accident, and that, as the engineer and brakeman were fellow servants, there can be no recovery. If it were conceded that the accident and consequent injury arose from the concurring negligence of the car inspector and engineer, it would not relieve the plaintiff in error from responsibility. It would still be liable for the consequences of the negligence of its car inspector, even though the negligence of the engineer may have contributed to produce the injury. It is held in Cayzer v. Taylor, 10 Gray, 274, that the master is liable to his servant for injuries resulting from his defective machinery, although the negligence of a fellow servant contributed to the accident. The same doctrine is affirmed in Boyce v. Fitzpatrick, 80 Ind. 526. Indeed, upon principle, it must be held that a master cannot escape

responsibility for injuries resulting from his negligence because the negligence of a fellow servant may have contributed to produce it. Here the car inspector stands for the master, and his negligence was the master's negligence. The proximate cause of the accident and injury was the breaking of the defective coupling pin; and the negligence of the engineer, if his running too rapidly can be called negligence, was at most too remote and contingent to have any influence on the case. The following is the rule referred to above:

"Should any portion be uncoupled while running, the brakeman must stop the rear section as quick as possible, the engineman being careful to keep the forward section out of the way. The engineman and fireman must look back frequently to see that all is right; and, in case the train is broken apart, great care must be taken to keep the forward part out of the way of the detached part, and every precaution used to prevent a collision. The engineman must in all cases go back, under the protection of the flagman, after the detached portion. He must be absolutely sure it has stopped. Trains going up behind will wait indefinitely unless otherwise ordered by the train dispatcher."

It is insisted that this rule made it the duty of the defendant in error to be upon the ground, acting as a flagman, to insure the slow and careful backing of the forward section of the train, and that his disregard of this duty in going on top of the cars to set the brakes was the proximate cause of his injury. To this it is answered that the object of the rule was to keep the forward section of the train from colliding with the detached portion, and that to accomplish this purpose it was necessary to set the brakes. This rule did not, in terms, require the brakeman to act as a flagman, and be upon the ground. It must receive a reasonable construction in view of the exigencies of the situation. We do not think the court would have been justified in directing the jury to find for the plaintiff in error, even if they believed the defendant in error was on the top of the cars, setting the brakes, in violation of the rule. The rule does not require us to hold that the company was absolved from its duty of exercising reasonable care for the safety of the injured brakeman because he was engaged in setting brakes on the moving cars. He was still in his master's service, performing a duty important to the safety of the train.

But if we felt constrained to hold that the defendant in error was setting the brakes in violation of the rule, still we could not disturb the verdict. The proximate cause of the injury was the breaking of the defective coupling pin, and the consequent parting of the cars. The negligence of the injured brakeman, in being in an improper place, if it can be called negligence, was a mere condition of the injury. The breaking of the defective pin was the proximate cause of the injury. His being on the cars was not the immediate cause of it in a juridical sense. It may have been the remote cause, sometimes called "remote negligence," but it is too remote and contingent to be influential on the right of the defendant in error to recover. In the case of Phillips v. Railway Co., 64 Wis. 475, 25 N. W. 544, this exact question was considered, and it was there said, if the brakeman had been at his post on top of the cars, as required by a rule of the company, he might not have been injured; yet it was held that his

improper position was not the proximate cause of his injury. See, also, Pease v. Railway Co., 61 Wis. 163, 167, 20 N. W. 908.

We have carefully examined the entire charge of the court, and especially those parts of it to which exceptions were reserved, and, in our opinion, it contains a full and fair statement of the law applicable to the facts of the case. It is in harmony with the views herein expressed, and no good purpose would be subserved by setting out the instructions in this opinion. Finding no available error in the record, the judgment of the court below will be affirmed, at the cost of the plaintiff in error.