# Alabama Great Southern Ry. *v.* Brock.

## Damages For Injury to Employe.

(Decided April 15, 1909.   Rehearing denied May 11, 1909.
49 South. 453.)

1. *Negligence; Contributory; Pleading.*—Greater particularity is required of the defendant in setting forth facts constituting contributory negligence than is required of the plaintiff in alleging actionable negligence.

2. *Master and Servant; Injury to Servant; Complaint; General Allegation of Negligence.*—A complaint averring that an employe's injuries were proximately caused by the negligence of the engineer, who had charge and control of the engine which collided with the car on which plaintiff was, in the negligent manner in which he ran and operated the same, and that the locomotive engine was being operated on the railroad track of the defendant, while general in its allegation of negligence, is sufficient under subdivision 5, sec. 3910, Code 1907, and is not subject to demurrer for failing to allege that the engineer was acting within the line and scope of his employment, the law presuming that fact from the other facts alleged.

[Alabama Great Southern Ry. v. Brock.]

3. *Same; Returning from Work; Liability of Company.*—Where an employe is hired to go to certain places and do certain work, and is transferred to and from such places by his employer, his pay going on all .the time, he is in the employment of the employer and engaged in and about the work of his employment from the time he leaves until his return, so far as his employer's liability for injuries to him are concerned.

4. *Same; Negligence of Fellow Servant; Burden of Proof.*— Where the allegation is that the injury proximately resulted from the negligence of the engineer who had charge of the engine which collided with the car on which plaintiff was, the burden rests on the plaintiff to show some evidence of negligence on the part of the engineer or to introduce some testimony from which such negligence can be inferred.

5. *Same; Evidence.*—Evidence which merely shows a collision from the running into a wrecking train from the rear by an engine is not sufficient to show negligence on the part of the engineer in charge of the colliding train.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by S. M. Brock against the Alabama Great Southern Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

The first count in the complaint is in the following language: "Plaintiff claims of the defendant, the Alabama Great Southern Railroad Company, a private corporation, the sum of $10,000 damages, in this: That on and prior to the 3rd day of August, 1907, the defendant operated a railway between Bessemer and Birmingham, Ala. That on, to wit, the date aforesaid, plaintiff was in the employment of defendant, and while engaged in the discharge of his duties under his employment a locomotive engine or train on defendant's railroad track collided with a train on which he was, at or near West End, on the line of said railway, greatly bruising and injuring plaintiff's back and hips. (Here follows a list of his injuries and an allegation that he was permanently injured and disabled.) Plaintiff avers that his said injuries were proximately caused by the negligence of the engineer, whose name is unknown to the plaintiff, who

[Alabama Great Southern Ry. v. Brock.]

was also in the employment of defendant, and who had charge and control of the locomotive engine on the railroad track of defendant which collided with the car on which plaintiff was, in the negligent manner in which he ran or operated the same."

The oral charge of the court, excepted to was in the following language: "I charge you, gentlemen of the jury, that it is not necessary in a case like this for the plaintiff to have been actually engaged in manual work for the defendant at the time of the injury, and if you find from the evidence that he was employed by the defendant, and that he had been engaged in the work of defendant on the wrecking car at Bessemer, and was returning from Bessemer to Birmingham, and while so returning from his work was riding in the car in order to get back to Birmingham, and was injured while so riding, I charge you that he would be, in contemplation of law, engaged at the time of the injury in the work of the defendant for which he was employed, and within the line and scope of his employment."

Defendant also requested the affirmative charge as to count 1, which was refused.

A. G. & E. D. SMITH, for appellant.—The court erred in overruling the original demurrers to count 1.—*Phoenix I. Co. v. Moog,* 78 Ala. 301; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 418; *Daniels v. Carney,* 42 South. 452. The court should have sustained the additional grounds of demurrer filed to the 1st count.—*A. G. S. v. Sanders,* 145 Ala. 449. The court should have given the general affirmative charge for the appellant since the plaintiff failed to carry the burden to show that the engineer on the engine which ran into his car was guilty of negligence which proximately caused the injury.—*R. R. Co. v. Thomas,* 42 Ala. 672; *R. R. Co. v. Smoot,* 67

Ala. 13; *R. R. Co. v. Allen,* 78 Ala. 494; *R. R. Co. v. Davis,* 91 Ala. 487; *Bumley v. B. M. R. R. Co.,* 95 Ala. 397; *Marylee Co. v. Chambless,* 97 Ala. 171; *L. & N. v. Campbell,* 97 Ala. 147; *L. & N. v. Binion,* 98 Ala. 570. The court should have given charge 8 requested by the appellant.—*L. & N. v. Orr,* 91 Ala. 548; *L. & N. v. Pearson,* 97 Ala. 211; *Seaboard Mfg. Co. v. Woodson,* 98 Ala. 378; *B. S. R. R. Co. v. Lintner,* 141 Ala. 420.

FRANK S. WHITE & SONS, for appellee.—The 1st count sufficiently alleged the negligence, the proximate cause of the injury.—*L. & N. v. Jones,* 83 Ala. 376; *L. & N. v. Marbury L. Co.,* 125 Ala. 237; *Postal Tel. Co. v. Jones* 123 Ala. 226; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 244; *McNamara v. Logan,* 100 Ala. 187; *Bir. R. L. & P. Co. v. Moore,* 43 South. 842. The court properly overruled the additional grounds assigned.—*Lampkin v. L. & N.,* 106 Ala. 287; *Woodward I. Co. v. Herndon,* 114 Ala. 214; *Postal Tel. Co. v. Brantley,* 107 Ala. 684; 103 Ill. 546; *Orcola L. Co. v. Mills,* 42 South. 1020; *A. G. S. v. Williams,* 140 Ala. 230. The plaintiff was an employe at the time of his injury.—2 Lebatt M. & S. 1834; 23 Pa. 384; 17 N. Y. 134; 32 South. 460; 26 Cyc. 1086; 7 Ind. 436; 87 Am. St. Rep. 279; *Whatley v. Zenida Coal Co.,* 122 Ala. 118; *Va. B. & I. Co. v. Jordan,* 143 Ala. 603. The court properly refused the affirmative charge.—*L. & N. v. Lancaster,* 121 Ala. 471; *Carter v. Fulgham,* 134 Ala. 242; *Peters v. Southern Ry. Co.,* 135 Ala. 537; *Bessemer F. Co. v. Tillman,* 139 Ala. 462. A collision is prima facie proof of negligence.—92 Ala. 209; 93 Ala. 514; 6 Cyc. 631; 140 Ill. 486; 139 Ala. 397; 91 Ala. 432. The court properly refused charge 11.—*L. & N. v. York,* 128 Ala. 307; 135 Ala. 537; 139 Ala. 462. The court properly refused charge 8.—*L. & N. v. York, supra; G. P. R. R. Co. v. Allen,* 128 Ala. 451.

[Alabama Great Southern Ry. v. Brock.]

SIMPSON, J.—This action by the appellee is for damages on account of injuries claimed to have been received by the plaintiff as an employe of the defendant. All of the counts of the complaint were eliminated by demurrer, except the first; and the first assignment of error insisted on is to the action of the court in overruling demurrers to said count.

The gravamen of the demurrer insisted on in argument is that it does not sufficiently set out the facts showing in what consisted the negligence complained of. While it is true that, under our decisions, greater particularity is required in the allegations of contributory negligence by the defendant than is required of the plaintiff in alleging negligence, yet it has been established by the decisions of this court that complaints alleging negligence in the general terms used in this count are sufficient, and the court is not disposed to overrule them.—L. & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 28 South. 438, 50 L. R. A. 620; Postal Tel. Co. v. Jones, 133 Ala. 226; L. & N. R. R. Co. v. Jones, 83 Ala. 376, 3 South. 902; McNamara et al. v. Logan, 100 Ala. 187, 14 South. 175; B. R., L. & P. Co. v. Moore, 15 Ala. 327, 43 South. 482; Ga. Pac. Ry. Co. v. Davis, 92 Ala. 307, 9 South. 252, 25 Am. St. Rep. 47; Mary Lee Coal & R. Co. v. Chambliss, 97 Ala. 174, 11 South. 897; H. A. & B. R. R. Co. v. Miller, 120 Ala. 535, 544, 24 South. 955.

The complaint follows the language of the statute, and is not subject to the other ground of demurrer insisted on, towit, that it does not allege that the engineer was acting within the line and scope of his employment. —Woodward Iron Co. v. Herndon, Adm'r., 114 Ala. 191, 214, 21 South. 430; Lampkin v. L. & N. R. R. Co., 106 Ala. 287, 291, 17 South. 448. It is true that the margin is very close between these cases and that of Daniels v.

*Carney,* 148 Ala. 81, 42 South. 452, 7 L. R. A. (N. S.)
920, 121 Am. St. Rep. 34; and the remarks of counsel
for appellant are not without force. The count in the
last-mentioned case is not set out in full, so that we can-
not say exactly what its averments were; but the dis-
tinction seems to be based on the principle that subdi-
vision 5 of section 3910 of the Code of 1907 is so worded
as to justify the inference that the legislature consid-
ered that "a person in the service or employment of the
master, who has the charge or control of an engine," is
presumed to be acting within the scope and line of his
employment. In the case of *A. G. S. R. v. Williams,*
140 Ala. 230, 236, 37 South. 255, 258, the court did not
follow the language of the statute, but left it "to be in-
ferred that B. J. was an engineer having control of said
engine." The remark of the court, in *A. G. S. R. Co.
v. Sanders,* 145 Ala. 449, 458, 40 South. 402, besides be-
ing merely a "maybe," relates to a count which is not
set out in the case, and we cannot say just what its alle-
gations were.

There was no error in the giving of that part of the
oral charge excepted to (assignment of error No. 2).
The servant who is employed to go to a certain place and
do a certain work, who is transferred to and from said
place by the employer (his pay being continued all the
time), is employed in and about that work from the
time he leaves until he returns.—2 Labatt's Master &
Servant, 1830; *Ryan v. Cumberland Valley R. R. Co.,*
23 Pa. 384; *Russell v. Hudson Riv. R. Co.,* 17 N. Y. 134;
*Bowles v. Ind. R. R. Co.,* 27 Ind. App. 672, 62 N. E. 94,
87 Am. St. Rep. 279; *Whatley, Adm'r., v. Zenida Coal
Co.,* 122 Ala. 118, 129, 130, 26 South. 124; *Va. Bridge
& I. Co. v. Jordan,* 143 Ala. 603, 610, 42 South. 73; *Abell
v. Western Md. R. R.,* 63 Md. 433; *Ewald v. Chicago &
N. W. Ry.,* 70 Wis. 420, 36 N. W. 12, 591, 5 Am. St. Rep.

178. As said in the *Bowles Case, supra*: "The transportation of the laborers was one of the means by which the employer produced the doing of the work."

The allegation of the court is that "said injuries were proximately caused by the negligence of the engineer" who had charge of the colliding train. In order to recover, the burden rested on the plaintiff to introduce some evidence tending to show negligence on the part of said engineer, or from which the jury could infer such negligence.—*Railroad Co. v. Thomas*, 42 Ala. 672; *Smoot v. Railroad Co.*, 67 Ala. 13; *Railroad Co. v. Allen's Adm'rs* 78 Ala. 494; *Railroad Co. v. Davis*, 91 Ala. 487, 8 South. 552; *Tuck v. Railroad Co.*, 98 Ala. 150, 12 South. 168; *Mary Lee, etc., Co. v. Chambliss*, 97 Ala. 171, 11 South. 897; *Bromley v. B. M. R. R. Co.*, 95 Ala. 397, 11 South. 341; *L. & N. R. R. Co. v. Binion*, 98 Ala. 570, 14 South. 619; *L. & N. R. R. Co. v. Campbell*, 97 Ala. 147, 12 South. 574.

The evidence shows merely that there was a collision, by the train running into the rear of the wrecking train, which had been moving in the same direction, but had stopped for "a very short time"—"a few seconds." It was in the night, and there is no proof that the wrecking train had any light, or had given any sign of its stopping, or that it had stopped long enough to be seen in time for the other train to stop. In fact, there was no evidence tending to show any negligence on the part of the engineer of the colliding train. Consequently the court erred in refusing to give the general charge in favor of the defendant.

The judgment of the court is reversed, and the cause remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.