[Louisville & Nashville Railroad Co. v. Butler.]

# Louisville & Nashville Railroad Co. *v*. Butler.

*Action for Injury to Employee.*

(Decided April 20, 1911. 55 South. 262.)

1. *Master and Servant; Injury to Servant; Complaints.*—Counts alleging that plaintiff, a servant, of the defendant railroad company in his performance of his duty as such, was thrown or fell against the door of the car upon which he was, and received personal injuries, that such injuries were the proximate consequence of the negligence of the locomotive engineer while acting within the scope of his employment, and of the negligence of an employee who had charge of a switch on a railway, were not objectionable for failure to aver that plaintiff was injured while in the performance of his duties nor that the allegation that he fell against the door while in the performance of his duty, was a conclusion of law, nor for failure to state what the acts of negligence of the engineer and fellow servants were.

2. *Same; Assumption of Risk.*—The pleas of assumption of risk alleging that plaintiff was performing the duties of his employment as a brakeman, and was in a caboose, that his injuries were caused by the sudden stopping of the train, that the stopping was due to a signal given to the engineer in charge which it was his duty to observe, that the stop was not an unusual one while switching cars and that plaintiff assumed the risk stated no facts warranting the legal conclusion that plaintiff assumed the risk to which he was exposed.

3. *Same; Instructions.*—Where a count of the complaint averred that the injuries were due to the negligence of the engineer in charge of the train and another count averred that they were due to the negligence of an employee in charge of a switch, the defendant was not entitled to an affirmative instruction on either of the counts on the ground that the negligence of either was insufficient to have caused the injury without the intervening negligence of the other, for the reason that for damages resulting from the concurrent negligence of two persons the negligence of each may be counted on as the proximate cause of the injury.

4. *Same.*—Where the necessity for the sudden stop was attributable to the negligence alleged in a certain count, charges asserting that if the jury believed from the evidence that the stopping of the car was necessary to avoid injury to property or person, or that at the time of the sudden stopping of the train its speed did not exceed six miles per hour, and that, to avoid a collision, it was necessary suddenly to stop it, then the jury must find for the defendant, was properly refused.

5. *Same; Evidence.*—Where the action was for injury to a railroad employee, the fact that he had some time in the past been

discharged from his employment therewith, was irrelevant to any issue in the case.

6. *Same; Assumption of Risk; New Trial.*—The railroad is not entitled to a new trial after verdict for the plaintiff, employee, on the ground that the danger was one necessarily incident to the employment, where there was evidence that the necessity for the sudden stopping of the train which resulted in the injury was brought about by the negligence of other employees.

7. *Trial; Reception of Evidence; Time of Objection.*—Where no objection is made to the question and it does not appear that the answer will be irrelevant or illegal evidence, the refusal to sustain a motion to exclude the answer will not be considered on appeal.

8. *Charge of Court; Direction of Verdict.*—Where the evidence is in conflict as to any material issue the court cannot properly direct the verdict.

Heard before Hon. WILLIAM H. THOMAS.

APPEAL from Montgomery City Court.

Action by Thomas N. Butler against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 1 is as follows: "The plaintiff claims of the defendant $1,990 as damages, for that plaintiff avers that on, to wit, March 27, 1909, the defendant was engaged in the business of operating a railroad in the county of Montgomery, state of Alabama, and on, to wit, said day and date, in said county and state, plaintiff was a servant or employee of the defendant, in the service or business of the defendant, and while in the performance of his duties as such he was thrown or fell against the door of a car, upon which car plaintiff was, and by reason thereof plaintiff received personal injuries in this, to wit: (Here follows catalogue of his injuries), for all of which he claims damages. And plaintiff avers that he was thrown or fell against a door of said car as aforesaid, and received said personal injuries as aforesaid, by reason of and as a proximate consequence of the negligence of one S. S. Arn, who was then and there in the service or employment of defendant as a locomotive engineer, and as such locomotive engin-

eer then and there had charge and control of a locomotive or train upon a railway, or part of the track of a railway, of the defendant, and while acting within the line and scope of his employment as such railway engineer." Count 2: Same as 1, down to and including the words, "for all of which he claims damages," and adds: "And plaintiff avers that he was thrown or fell against said car as aforesaid, and received said personal injuries as aforesaid, by reason of the negligence of one R. L. Bartlett, who was at the time of his said negligence then and there in the service or employment of defendant, and who then and there had charge or control of a switch upon a railway, or a part of a track of the railway, of the defendant, and while said person was acting within the line and scope of his employment."

The demurrers to counts 1 and 2 are as follows: (1) "The counts fail to aver that plaintiff was injured while in the performance of his duties." (2) "The allegation that plaintiff fell against the door while in the performance of his duties is a conclusion of the pleader." (3) "Said count fails to aver the negligence charged to S. S. Arn." The said demurrers were filed to count 2, with additional demurrer that the count fails to state the act of negligence that the party in charge of the switch was guilty of.

The following pleas were filed by the defendant: (2) "Plaintiff ought not to recover in this case, for that, at the time of the accident to plaintiff complained of, plaintiff was an employee of defendant, and was performing the duties of such employment; that he was employed as a brakeman, and was in a caboose of the defendant; that said caboose was attached to a train of cars in motion; that said train of cars was suddenly stopped; that plaintiff, on account of the sudden stopping of said train of cars fell or was thrown and injur-

ed; that as such brakeman plaintiff assumed the risk of a train of cars being suddenly stopped, and assumed the risk of danger incident to the sudden stopping of the train of cars, to wit, the danger of falling or being thrown down on account of such sudden stopping; that in this way plaintiff was injured, and hence should not recover of the defendant." (3) "The defendant avers that plaintiff at the time of the alleged injury was in the service of the defendant as a brakeman; that at said time he was one of a crew of defendant's employees engaged in the switching of cars in its yard; that as such brakeman his duties were dangerous, in that the ordinary work of switching cars subjected plaintiff to a great many jerks and jars; that in said yard, while switching cars, sudden stops were not unusual, nor were the violent stops and jars which came from the sudden stops unusual; that the sudden stopping of the train of cars, which were moving at a rate of about three miles per hour, and upon which plaintiff was at work at the time of the alleged injury, was due to an emergency stop, due to a signal given to the engineer in charge of said engine, which signal it was the duty of the engineer to observe; that said emergency stop was not an unusual stop while switching cars in defendant's yard and plaintiff was an employee of defendant in such work in the yards as brakeman, and assumed the said risk of his employment."

The following charges were refused to the defendant, other than the affirmative charge: (E) "If the jury believe from the evidence that the sudden stopping of the train of cars was under the circumstances and conditions necessary to avoid injury to property or person, then the jury must find for the defendant." (F) "If the jury believe from the evidence that at the time of the sudden stopping of the train the speed of the train did

[Louisville & Nashville Railroad Co. v. Butler.]

not exceed six miles per hour, and that to avoid a collision it was necessary suddenly to stop the train, then the jury must find for the defendant."

GOODWYN & McINTYRE, for appellant. In its final analysis the case before the court is, was the application of the emergency brake by the engineer to prevent a collission an act of negligence as to this plaintiff? This must be answered in the negative, and the defendant was entitled to the affirmative charge as to count 1 for the reason that the evidence fails to fix upon the engineer any negligence in applying the brake, the immediate cause of the injury.—*Creola L. Co. v. Mills,* 149 Ala. 474; *Briggs v. T. C. I. & R. R. Co.,* 136 Ala. 237; *Rich v. Kilby S. & F. Co.,* 164 Ala. 131; *So. Ry. Co. v. Carter,* 164 Ala. 103; *L. & N. v. Fitzgerald,* 161 Ala. 397; *Richards v. S. S. S. & I. Co.,* 146 Ala. 254. Plea 4 was proven and for this reason defendant was entitled to the affirmative charge. The court erred in sustaining demurrers to plea No. 2.—*Meriwether v. Sayre M. & M. Co.,* 161 Ala. 441; *A. G. S. v. Brock,* 161 Ala. 351; *L. & N. v. Fitzgerald, supra; Gaynor v. Southern,* 152 Ala. 186. The verdict should have been set aside.—*Dallas M. Co. v. Townes,* 162 Ala. 630; *Western Ry. v. Mutch,* 97 Ala. 196. The court should have given the charges requested.—*A. G. S. v. Brock, supra.* The court erred in refusing the motion to exclude the evidence.—*L. & N. v. Banks,* 132 Ala. 485.

HILL, HILL & WHITING, for appellee. The defendant was not entitled to the affirmative charge since the jury were authorized to infer that the injury resulted from the concurring negligence of Bartlett and the engineer. —29 Cyc. 496. The defendant was not entitled to the affirmative charge on the 1st count because the engineer

was running his engine at or near a place where he should have stopped the cars at a high rate of speed.— *L. & N. v. Davis,* 91 Ala. 487; *L. & N. v. Webb,* 97 Ala. 315; *Western Ry. v. Mitchell,* 41 So. 430. The contention that the rate of speed was the remote cause of the injury is unsound.—*A. G. S. v. Arnold,* 80 Ala. 60; 29 Cyc. 488. The court properly sustained demurrers to the plea.—*So. Ry. Co. v. McGowan,* 149 Ala. 452; *C. of Ga. v. Lamb,* 124 Ala. 172; *T. C. I. & R. R. Co. v. King,* 50 So. 75. Counsel discuss other assignments of error, but without further citation of authority.

WALKER, P. J.—This is an action by an employee against his employer to recover damages for personal injury. The complaint contained five counts, to all of which demurrers were interposed, which were overruled. Three of the counts—the third, fourth, and fifth— were eliminated by written charges given at the instance of the defendant. The defendant pleaded the general issue, and also three special pleas, all of which were demurred to. The demurrers to two of the special pleas were sustained, and the demurrer to the remaining special plea was overruled.

There was no error in overruling the demurrers to the first and second counts of the complaint.—*Alabama Great Southern Ry. v. Brock,* 161 Ala. 351, 49 South. 453.

Nor was there error in the action of the court in sustaining the demurrers to defendant's second and third pleas. Neither of those pleas averred facts warranting the conclusion that the plaintiff assumed the risks to which he was exposed in consequence of the negligence alleged in the complaint.

There was evidence tending to show that the plaintiff, who was a brakeman and flagman, and at the time was

in the caboose in the discharge of his duty, was injured as the result of his being thrown against the front door of the caboose by the sudden stopping of the train, then on a switch track, called the "scale track," in the yards of the defendant in Montgomery. In the first count of the complaint the injury was attributed to the negligence of one S. S. Arn, the engineer in charge of the train. In the second count the injury was attributed to the negligence of one R. L. Bartlett, the front brakeman, who acted as a switchman in letting the train into the switch track. There was proof going to show that the switch track upon which the injury occurred would hold about 42 or 43 cars; that the train upon which plaintiff was injured contained 38 or 39 cars; that the train entered this switch track at its southern end at about 3 o'clock in the morning, the train being headed north; that at the time of the injury the entire train had got on this switch track, and was then running at the rate of 15 miles an hour, when it was suddenly stopped by the engineer by the emergency application of the brakes; that the usual rate of speed when going into a switch track to leave a train was about 4 miles an hour; that no signal or alarm was given that the brakes were to be applied; that the usual way of stopping the train was by a gradual reduction of the air on the brakes, which brings the train to an easy stop; and that on that occasion the train did not stop in the usual and ordinary way of bringing cars to a stop in the yard, and that there was a train rule against applying the brakes suddenly, unless there was danger of injury to a person or property. The track upon which the alleged injury occurred was straight, and was one of four switch tracks branching out from the main line, and running parallel with it. There was also evidence tending to show that it was the duty of R. L. Bartlett, the

front brakeman, to let the train into one of the switch tracks which was clear, so that, after the cars were stored on that track, the engine could go out at the other end of it on a track called the "lead track," which ran to the shops; that, when he turned the switch and let the train into the scale track, there was a car standing on that track at its northern end, obstructing the track, so that the engine could not get out that way; that there was nothing to obstruct his view; and that he threw the switch so as to let the train into the scale track, when he should have let it into the next switch track, called "track 1."

It is insisted by counsel for appellant that it was error to refuse the general affirmative charge requested as to the first count of the complaint; and the line of reasoning adopted in support of this position is, in brief, this: "Plaintiff's falling against the door of the car was due to the sudden stopping of the train by the emergency application of the brakes. Under the evidence, the only negligence with which the engineer could be charged was in running the train, in going into the switch, at an unusual and unnecessary rate of speed. But the plaintiff can derive no benefit from the engineer's breach of duty in this regard, because the rate of speed was not the proximate cause of the plaintiff's injury. The engineer, on discovering an obstruction on the switch track, was warranted in making the emergency application of the brakes, in order to prevent a collision and a consequent injury to persons or property. That act did not constitute negligence on his part, as he was justified in assuming, until informed or notified that such was not the case, that there had been a due performance of the duty imposed upon another employee of letting the train into the switch track which was clear of any obstruction. This line of argument

[Louisville & Nashville Railroad Co. v. Butler.]

leaves out of view some facts in evidence which had a bearing upon the question whether the engineer was negligent in getting his train to the place at which it became necessary to make a sudden stop to avoid a collision. The switch track the train went into was straight. There were lights in the yard. There was evidence tending to show that there was nothing to obstruct the engineer's view; that the switch track would hold about 42 or 43 cars, while the train upon which plaintiff was injured contained 38 or 39 cars, and the whole of it was already on the switch track when the sudden stop was made, so that the train could not then have been far from the place where it must be stopped for it to be left on that track; that defendant's yard at Montgomery was a busy place, at which a large amount of traffic was handled; that there was a rule to approach the yards with the train under control; and that it was very usual for brakes to be applied when heading in and out of the yards on account of the traffic. If it was necessary, in order to warrant a finding in favor of the plaintiff under the first count of the complaint, to have evidence that the negligence of the engineer alone caused the injury, it seems that it hardly would be permissible, in view of the tendencies of the evidence above stated to conclude that there was not evidence to support a finding by the jury that but for the negligence of the engineer there would have been no occasion for his sudden stopping of the train, and that in the circumstances his act in suddenly stopping the train was negligent.

Counsel for appellant insist that it was error to refuse the general affirmative charge requested by the defendant as to the second count of the complaint, because the only respect in which the evidence tended to show that Bartlett, the switchman, was negligent was in his

letting the train into a switch track which was not clear of obstructions; and it is urged that the injury cannot be imputed to this act as its proximate cause, as it was directly attributable to the act of the engineer in suddenly stopping the train, and that this act of the enginerr was an intervening efficient cause, subsequent to and independent of the act of the switchman, and that, therefore, the latter could not amount to more than a remote cause of the injury. There is a well-considered ruling in a case presenting a state of facts somewhat similar to that in the case at bar which would lend support to the conclusion that the act of Bartlett, charged as he was with the duty of letting the train into a switch track which was free of obstructions, in letting the train into an obstructed track, could be regarded as an efficient proximate cause either of a collision, or of a sudden stopping of the train, occasioned by such obstruction, and that the negligence of the engineer was not an independent intervening cause that interrupted or turned aside the natural sequence of events following the act of the switchman, or prevented the natural and probable effect of his negligence; in other words that, while an exercise of due care by the engineer would have averted the probable result of the switchman's negligence, yet, in its relation to the switchman's fault, the breach of duty on the part of the engineer could be regarded as merely a failure to interpose his care to avoid an injury which reasonably might be anticipated from a cause already set in motion, and not as an independent intervening cause producing a different result from that which could reasonably have been anticipated as a probable consequence of the original act or omission of the switchman.—*Union Pacific Ry. Co. v. Callaghan,* 56 Fed. 988, 6 C. C. A. 205. See, also, *Bul v. Mobile & Montgomery R. Co.,* 67 Ala. 206.

[Louisville & Nashville Railroad Co. v. Butler.]

But it was not necessary, under either of the two counts of the complaint, that the evidence in support of it should show that the negligence alleged was the sole cause of the injury. If the damage resulted from the concurrent, wrongful acts of two persons, each of them may be counted on as the proximate cause.— Cooley on Torts, pp. 68, 78. "If the defendant's wrongful act is one of two or more concurrent efficient causes, other than plaintiff's fault, which co-operate directly to produce the result, this, under the authorities, is all that is requisite for fastening liability on him.—*Western Ry. of Ala. v. Sistrunk,* 85 Ala. 357, 5 South. 79; *Home Telephone Company v. Fields,* 150 Ala. 306, 43 South. 711. The employer's liability statute (Code 1907, § 3910, subd. 5) rendering the defendant liable to the plaintiff for an injury resulting from the negligence of either the engineer or the switchman while in the performance of the duty imposed on the occasion in question, it would be liable for an injury proximately resulting from the negligence of the switchman in letting the train into the wrong track, if the injury would not have resulted but for that negligence, even though the negligence of the engineer contributed to produce the result. And it would be liable, under the other count, for the negligence of the engineer, though the injury could not have happened but for the negligence of the switchman in letting in the train into the wrong switch track.—*Terre Haute & I. R. Co. v. Mansberger,* 65 Fed. 196, 12 C. C. A. 754; 1 White on Personal Injuries on Railroads, §§ 27, 28; 2 Labatt on Master and Servant, § 813. "The independent intervening cause that will prevent a recovery on account of the act or omission of a wrongdoer must be a cause which interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the

19 CA

original act or omission, and produces a different result, that could not have been reasonably anticipated. The concurrent or succeeding negligence of a fellow servant or a third person which does not break the sequence of events is not such a cause, and constitutes no defense for the original wrongdoer, although, in the absence of the concurrent or succeeding negligence, the accident could not have happened."—*Union Pacific Ry. Co. v. Callaghan, supra.* There is an additional support for this conclusion, when, as in this case, both wrongdoers are fellow servants of the plaintiff, for whose negligence on the occasion in question the statute renders the defendant liable to the plaintiff. On the evidence in this case the jury was warranted in finding that the injury to the plaintiff was the result of the concurrent negligence of the switchman and of the engineer, and there was no error in the refusal to give the affirmative charge requested by the defendant.

To the claim that the general affirmative charge requested by the defendant should have been given because the allegations of defendant's plea numbered 4 were sustained by the uncontradicted evidence, it is a sufficient answer to say that, as to the issue raised by that plea, the evidence was in conflict.

Charges E and F, requested by the defendant, were plainly faulty, in view of the evidence tending to show that whatever necessity there may have been of bringing the train to a sudden stop was itself attributable to negligence alleged in the complaint.

The defendant, by its failure to interpose an objection, having speculated on what the answer might be to the question, "Was that the usual and ordinary way of bringing these cars to a stop over there in these yards?" cannot get any benefit here from the refusal of the court to sustain its motion to exclude the answer

[Birmingham Railway, Light & Power Co. v. Beck.]

to that question.—*Dowling v. State,* 151 Ala. 131, 44 South. 403.

The mere fact that plaintiff at some time in the past may have been discharged from his employment could shed no light on the issues in the case, and there was no error in sustaining the objection to the question on that subject.

In view of the evidence tending to show that any necessity of suddenly stopping the train on the occasion in question was brought about by the negligence of the switchman or of the engineer, the claim cannot be sustained that the motion for a new trial should have been granted on the ground that the danger to which the plaintiff was so exposed was one necessarily incident to the employment in which he was engaged.

Affirmed.