[Davis v. The State.]

# Davis *v*. The State.

## *Grand Larceny.*

(Decided Nov. 30, 1911.   Rehearing denied Dec. 14, 1911.
56 South. 739.)

*Trials  Reception  of  Evidence;  Objection;  Time.*—Where a question is asked and answered without objection at the time, the trial court will not be put in error for a failure to exclude such evidence on objection and motion made after the evidence has gone to the jury.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKES.

Hix, Alias John Davis, was convicted of grand larcey and he appeals.   Affirmed.

BARNES & DENSON, for appellant.   Where testimony is illegal in whole or in part, and is given in answer to a legal question, objection to such testimony and motion to exclude it is proper and does not come too late. —*A. O. E. Co. v. Ryan,* 112 Ala. 337; *McDonald v. Wood,* 118 Ala. 589.   The evidence objected to was clearly hearsay and illegal, and the action of the court in overruling defendant's objection was reversible error. —*Stone v. The State,* 105 Ala. 60; *Rivers v. The State,* 97 Ala. 72.

ROBERT C. BRICKELL, Attorney General, for the State. question was asked and the answer given before objection was interposed, and the court's failure to exclude the testimony under such circumstances was not error.—*Dowling v. The State,* 151 Ala. 131; *L. & N. v. Butler,* 55 So. 262.

10  CA

DE GRAFFENRIED, J.—The defendant was indicted for grand larceny, was tried by a jury, was convicted of the offense, and was sentenced to the penitentiary. From the judgment of conviction, he appeals.

During the progress of the trial a witness was permitted to testify that "Sam Davis said that Hicks Davis (defendant) went toward the fair ground, and that he would go with the witness and help find him." The record does not show that the defendant objected to the question which called for this evidence; but it does show that the defendant *after* the evidence had gone to the jury, objected to it, and moved to exclude it, upon several grounds.

As the defendant failed to object to the question which called for this evidence, but waited until the witness had answered the question before making his objection, the trial court will not be put in error for its failure to exclude the testimony.—*Dowling v. State,* 151 Ala. 131, 44 South. 403; *L. & N. R. Co. v. Butler,* 1 Ala. App. 279, 55 South. 262.

There were some other objections to the admission by the trial court of certain evidence, but the objections were patently without merit, and we will not discuss them.

There was no error in the record, and the judgment of the court below is affirmed.

Affirmed.