## Southern Railway Co. *v.* Witt.

*Injury to Servant.*

(Decided April 21, 1914.   65 South. 149.)

1. *Master and Servant; Injury to Servant; Complaint.*—The third count of complaint examined and held to sufficiently comply with the provisions of subdivision 5, section 3910, Code 1907, to render it immune to the demurrer interposed.

2. *Same; Negligence; Jury Question.*—Where the evidence tended to show that the engineer backed his engine against the car upon which plaintiff employee was fixing a drawhead preparatory to coupling, without signal, and that it was the duty of the engineer to wait until plaintiff signalled him to back, it was sufficient to take to the jury the question of the negligence of the engineer.

3. *Same; Contributory Negligence.*—If the car was stationary and the engine was either standing still or going away from the employee who was attempting to fix the drawhead preparatory to coupling, the jury was warranted in finding that plaintiff did not negligently go between moving cars in violation of the company's rules.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by Devie Witt against the Southern Railway Company for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint alleges the relation as that of employer and employee; that defendant was operating a car and locomotive engine upon a railway in Jefferson county, Ala., at or near Forty-Third street in the city of Birmingham, and, while plaintiff was engaged in or about coupling or preparing to couple said engine to said car, plaintiff's foot was caught between said car and said engine, and as a proximate consequence thereof, plaintiff suffered the following injuries and damages: (Here follows catalogue.) Plaintiff avers that his foot was caught on the occasion aforesaid, and he suffered said injuries and damages, by reason and as a proximate consequence of the negligence of a person in the service or employment of defendant who had charge or control of said locomotive engine upon said railway, viz., Jim Rhue, negligently caused plaintiff's foot to be caught on the occasion aforesaid, and plaintiff to suffer said consequent injuries and damages. The defense was contributory negligence.

J. T. STOKELY, and R. H. SCRIVNER, for appellant. The third count was demurrable, as it was essential to show that the engine was in charge of a person upon a railway.—*Sloss-S. S. S. & I. Co. v. Mobley,* 36 South. 181; *T. C. I. & R. R. Co. v. Bridges,* 39 South. 902; *S. L. & S. F. Ry. Co. v. Sutton.* 55 South. 989. Defendant was entitled to the affirmative charge under plaintiff's testimony, and under the contract which he entered into when employed by defendant.—*Huggins v. So. Ry.,* 41 South. 846. The verdict was against a clear preponderance of the evidence.—*So. Ry. v. Morgan,* 54 South. 626; *Robertson v. Crotwell,* 57 South. 23.

HARSH, BEDDOW & FITTS, for appellee. The third count was in all respects sufficient.—Subd. 5, § 3910, Code 1907; *Boggs v. Ala. C. & I. Co.*, 167 Ala. 251; *A. G. S. v. Brooks*, 161 Ala. 351, and authorities cited. Under all the authorities, the court properly declined the affirmative charge for defendant, as there was evidence authorizing the jury to find for plaintiff.—*Baker v. Patterson*, 171 Ala. 89; *Parnell v. N. C. & St. L.*, 97 Ala. 302. The motion for new trial was properly overruled.—*Cobb v. Malone*, 92 Ala. 630; *Montgomery St. Ry. v. Knabe*, 158 Ala. 458.

ANDERSON, C. J.—The third count of the complaint conforms to subdivision 5 of section 3910 of the Code of 1907, and was not subject to the defendant's demurrer.—*Woodward Co. v. Herndon*, 114 Ala. 191, 21 South. 430; *A. G. S. R. R. Co. v. Brock*, 161 Ala. 351, 49 South. 453.

The plaintiff's evidence tended to show that the engineer caused the engine to come back against the car, upon which he was fixing the drawhead preparatory to the coupling, without a signal, and that it was the duty of said engineer not to come back until the plaintiff signalled him to do so. The jury could also infer from the plaintiff's evidence that when the plaintiff was on the drawhead his car was stationary and that the engine end of the train was either standing or was going from him, and that he did not therefore go between moving cars in violation of the rule or that his conduct was the proximate cause of his injury. The negligence of the engineer as well as the proximate contributory negligence of the plaintiff were questions for the jury, and there was no error in refusing the general charge requested by the defendant as to count 3, which was the only one that went to the jury. Nor are we prepared

[Louisville & Nashville R. R. Co. v. Bontrager.]

to say that the verdict of the jury was so plainly and palpably contrary to the great weight of the evidence as to warrant this court in reversing the trial court for refusing a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738. We do not think that the appellant has shown proper diligence as to the newly discovered evidence. Dr. Wallace treated the plaintiff and was paid by the defendant and it had every opportunity to find out if Wallace knew of any facts beneficial to its case. Moreover, the statement of the plaintiff, to inquiries of the accident company as to the cause of his injury, is not necessarily in conflict with his evidence upon the trial; his foot may have slipped and caused the injury, and yet he may have been injured as he stated in his testimony. In other words, the whole thing may have happened as the plaintiff stated as a witness, and yet he could have escaped being hurt if his foot had not slipped.

The judgment of the city court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.

