(75 South. 175)

HOLSTON v. STATE. (4 Div. 469.)

(Court of Appeals of Alabama. April 10, 1917. Rehearing Denied May 15, 1917.)

1. BASTARDS ⬥⟲55—EVIDENCE—ADMISSIBILITY.

Under Code 1907, § 6364, providing that any single woman, pregnant with or delivered of a bastard child, may make complaint on oath to any justice of the county where she is so pregnant or delivered, etc., in a bastardy case, testimony of the prosecutrix that she had felt the movement of the fetus and knew that she was pregnant prior to the time she swore out the warrant, was material and admissible, since the movement of the fetus is one way of determining pregnancy.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 153.]

2. BASTARDS ⬥⟲69—TRIAL — OBJECTIONS— TIME FOR TAKING.

Where a letter was offered in evidence by the state and read to the jury, and afterwards an objection was interposed, the objection came too late, and there was no error in overruling it.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 178, 181–184, 187.]

3. BASTARDS ⬥⟲65—DEGREE OF PROOF.

In a bastardy case the measure of proof is reasonable "certainty," and not proof "beyond a reasonable doubt," as in a criminal case.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 154, 175–177.]

4. BASTARDS ⬥⟲71—TRIAL—INSTRUCTIONS.

In a bastardy case, the refusal of an instruction, "The court charges the jury that if it is probable that the defendant is innocent, you should acquit him," was not error, as it does not hypothecate the evidence.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. § 186.]

Appeal from Circuit Court, Barbour County; Judge S. Williams, Judge.

John Ben Holston was convicted on a charge of bastardy, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried on a charge of bastardy in the circuit court of Barbour county, and from the judgment of conviction he appeals.

[1] On the trial of this case the court allowed the prosecutrix to testify that she had felt the movement of the fetus, and knew that she was pregnant prior to the time she swore out the warrant. The defendant objected to the question calling for this testimony, and reserved an exception to the overruling of said objection, and also to the action of the court in declining to exclude this testimony. The statute (Code, § 6364) provides that any single woman, pregnant with or delivered of a bastard child, may make complaint on oath to any justice of the county where she is so pregnant, or delivered, etc. "The movement of the fetus is one way of determining pregnancy. When the movements of a child are distinctly perceived through the skin of the abdomen, they constitute certain signs of pregnancy." Taylor's Medical Jurisprudence, p. 491. This evidence was therefore highly material to the issues in this case, and it follows that there was no error in the ruling of the court in this connection.

[2] The defendant's objection to the introduction of the letter of J. B. Holston came

---

too late. The letter in question was offered in evidence by the state and was read to the jury, and afterwards the objection was interposed. There was no error in overruling this objection. Davis v. State, 2 Ala. App. 145, 56 South. 739; Phillips v. State, 161 Ala. 60, 49 South. 794.

[3, 4] The following written charge was refused:

"The court charges the jury that if it is probable that the defendant is innocent, you should acquit him."

There was no error in the refusal of this charge; "reasonable certainty" being all that is required as the measure of proof in a bastardy case, while in a criminal case the measure of proof is "beyond a reasonable doubt." Miller v. State, 110 Ala. 69, 20 South. 392. The charge does not hypothecate the evidence. McCoy v. State, 170 Ala. 10, 54 South. 428; Minor v. State, 15 Ala. App. 556, 74 South. 102.

There being no error in the record, the judgment of the lower court is affirmed.

Affirmed.