## GILL *vs*. THE STATE.

[INDICTMENT FOR BURGLARY.]

1. *Bill of exceptions; what not error, when it does not show that it contains all the evidence.*—Where the bill of exceptions does not show that it contains all the evidence, there is no error in refusing to charge the jury, "that if they believed the evidence, they should find the defendant not guilty."

2. *Same; when more than two witnesses have been examined, what charge is abstract.*—Where the bill of exceptions shows there were more than two witnesses examined in the case, there is no error in refusing to charge the jury, " that if there are only two witnesses, and both are unimpeached, and one established the guilt of the defendant, and the other his innocence, they should acquit the defendant"; such a charge is abstract.

From the Circuit Court of Dallas.
Tried before the Hon. B. L. WHELAN.

FRANK GILL was indicted at the fall term, 1868, of Dallas circuit court, for burglary. The indictment charged that the prisoner " broke into and entered the mill house, a building in which goods, merchandise or other valuable things are kept for use, sale, or deposit, of Mrs. E. Millhouse, with intent to steal," against the peace, &c.

On the trial the defendant plead " not guilty," was convicted and sentenced to the penitentiary for two years.

The defendant reserved a bill of exceptions on trial, and that and the facts of the case are set out in the opinion.

The errors assigned are the refusal of the court to give the charges asked by the prisoner.

F. M. WOOD, appeared for the prisoner in this court.

JOSHUA MORSE, Attorney-General, *contra.*—1. There was no error in the refusal to give the first charge. If given, it would have invaded the province of the jury. Upon the facts of this case the jury had the right to determine the weight and effect of the evidence.—*Brown v. Grady*, 10 Ala

Rep. 999 ; *Carlisle v. Hill*, 16 Ala. Rep. 398 ; *Gillespie v. Battle*, 15 Ala. Rep. 276.

2. The refusal to give the second charge was equally proper, for the additional reason that it was abstract. The charge must be construed in connection with the facts.— *Berry v. Hardeman*, 12 Ala. Rep. 604.

PECK, C. J.—The judgment and sentence of the court in this case must be affirmed. The bill of exceptions is so unskillfully prepared, that it is impossible to say that there is any error for which judgment and sentence should be reversed, and this is a sufficient reason for their affirmance.

The accused was examined as a witness, and this is the statement of the bill of exceptions, as to his examination : "The defendant, on the stand, wholly unimpeached, clearly established his innocence." This is no evidence at all. The matters stated by the accused should have been set out, and not merely that what he stated clearly established his innocence.

The only evidence stated in the bill of exceptions is the admission, by the accused, what two witnesses would swear, if present. One of them states that the mill-house was the property of Mrs. E. Millhouse, and that meal, corn, wheat, flour and other merchantable articles were in it for sale, in this county, six months since ; that Frank Gill punched off a plank, and half of his body was inside the house ; that boy had no right there ; that he had a plank, that the plank was punched off with a twelve foot scantlin.

The admission as to what the other witness would swear, is that the mill and land on which it was built, belonged to Mr. E. Millhouse ; this evidence the accused moved to exclude from the jury ; the court refused to exclude it, and he excepted. The bill of exceptions then states, " the evidence being before the jury, the defendant asked the court to charge the jury : 1. That if they believed the evidence they should find the defendant not guilty ;" this was refused and defendant excepted. 2. That if there are only two witnesses and both are unimpeached, and one established the guilt of the defendant and the other his innocense, they should acquit the defendant. This charge the court refused, and the defendant excepted."

The bill of exceptions does not state that it contained all the evidence in the case ; if it did, it is certain it would not authorize a conviction. It does not show, by any means, the defendant's guilt.

There is no error in the refusal of the court to exclude the evidence as to the ownership of the mill-house, as it is set out in the statement, what one of the absent witnesses would swear, if present. It is not improbable, the mill-house and land may have been the separate estate of the woman, Mrs. E. Millhouse, and in the possession of Mr. E. Millhouse, her husband ; but the evidence, as it is stated, does not show how the fact really was ; it was therefore proper to let it go to the jury. The admission as to what the other witness would swear, states it was the property of Mrs. E. Millhouse. The first charge was rightly refused, for the reason that the evidence does not show, with sufficient clearness, whether the accused was, or was not guilty. The matter was, therefore, properly referred to the jury. As the bill of exceptions does not state that it contained all of the evidence, this court will not presume it was all the evidence, for the purpose of reversing the conviction, but will rather presume that it is not all the evidence, for the purpose of sustaining the conviction.

The second charge was rightly refused, because it is abstract. The record shows there were more than two witnesses, to-wit : The accused himself, as examined, and then, the admissions of what the two absent witnesses would swear, if present.

Let the judgment of the court below be affirmed, at the costs of the appellant.