(Decided December 19th, 1901.)

# Leath *v.* The State.

*Indictment for Obtaining Money under False Pretenses.*

(Decided December 19th, 1901.)

1.  *Variance between indictment and evidence; idem sonans.*—Where an indictment for obtaining money under false pretenses charges defendant with falsely representing to a bank that certain warrants, on which he obtained money from the bank, were payable to and endorsed by certain persons named, and one warrant is alleged to have been payable to and endorsed by "John Chapelear," and the warrant offered in evidence is endorsed "Jno. Chapelas," there is a variance, the names not being *idem sonans*, and the warrant and its endorsements are not admissible in evidence.

2.  *Same.*—Where one of the warrants is described in the indictment as being payable to and endorsed by "Sallie Battles," and that offered in evidence is payable to "Sallie Battels," there is no variance.

3.  *Same.*—Where the warrant offered in evidence under said indictment is endorsed "Sallie Boppes," and "Sallie Bappels by M. Haas," the names are not *idem sonans* with "Sallie Battles," as charged in the indictment, and the variance renders the warrant and its endorsements inadmissible in evidence.

4.  *Obtaining money under false pretenses; evidence as to possession of property after commission of offense.*—Where defendant is charged with obtaining $82.66 in money under false pretenses, and was arrested a week or ten days after the alleged offense was committed, evidence is not admissible that at the time of his arrest he had forty or forty-five dollars on his person, there being no evidence identifying it as part of the money obtained by false pretenses or tending to show that defendant had not obtained such forty or forty-five dollars legitimately.

APPEAL from DeKalb Circuit Court.

Tried before Hon. J. A. BILBRO.

The facts are sufficiently stated in the opinion.

[Leath v. The State.]

Burnett, Hood & Murphree, for appellant, cited on the question of variance *Felix v. State,* 18 Ala. 726; *State v. Plunket,* 2 Stew. 11; *Agee v. State,* 113 Ala. 52; *O'Connor v. State,* 30 Ala. 9; *McClerkin v. State,* 105 Ala. 112.

Charles G. Brown, Attorney-General, for the State, cited *Busby v. State,* 77 Ala. 67; *Beasley v. State,* 59 Ala. 20; Wharton on Crim. Ev. (8th ed.), §§ 125, 132.

McCLELLAN, C. J.—The indictment alleges that when the warrants were presented to the Ft. Payne Bank, and paid by it they severally had the names of the respective payees indorsed on the back thereof. The name of the payee in one of the warrants is "Jno. Chapelear." On the warrant offered and received in evidence the name endorsed is not Jno. Chapelear, but "Jno. Chapelas." The names are neither the same nor of the same sound. There was a variance, therefore, between the allegation of the indictment and said evidence. The court erred in receiving this warrant and the indorsement upon it in support of the averment. There appears now on this warrant also the following: "Jno. Chapelear by S. B. Slone." Sloan, as appears by the averments of the indictment and the evidence, was the cashier of the Ft. Payne Bank and as such cashed all the warrants on the assurance—alleged to be false—of the person presenting them that the payees had indorsed them. So that it is clear that the indorsement "Jno. Chapelear by S. B. Slone" was not on the warrant when presented and paid, and is not the indorsement averred in the indictment.

It is alleged in the indictment that one of the warrants presented to the bank was payable to "Sallie Battles" or order. One of those received in evidence is payable to "Sallie Battels." The difference in the spelling here is immaterial as the names as thus differently spelled are *idem sonans.* But the indictment further avers that when this warrant was presented to and paid by the bank it had the name of the payee indorsed thereon. On this warrant as offered in evidence, and received against defendant's objection were the follow-

[Leath v. The State.]

ing indorsements: "Sallie Boppes" and "Sallie Bappels by M. Haas." Whether the one or the other, or both of these indorsements be relied on to support the averment of the indictment, the result is the same. Neither the one nor the other is the name of the payee, nor has either the same sound as the name of the payee. In respect of this warrant also, therefore, there was such variance between the allegations of the indictment and the proof that the court should have excluded the warrant and its indorsements from the jury.

The defendant was arrested a week or ten days after the alleged offense by the commission of which he is alleged to have gotten eighty-two and 66-100 dollars from the bank. Against defendant's objection the State was allowed to prove by the sheriff who made the arrest that at the time of the arrest the defendant had forty or forty-five dollars on his person, The officer further testified that defendant then said "he had got part of the money for a bale of cotton he had sold and the balance for waiting on the grand jury." The defendant himself testified that he had sold a bale of cotton shortly before his arrest, and there was proof that he had been bailiff of the grand jury which had sat just before his arrest and had been paid for his services in that capacity. There was no identification at all of the money in defendant's possession when he was arrested as the money paid by the bank on the warrants, nor was there any evidence going in any degree to show that defendant had not legitimately come by this money, as there were no sources from which he might lawfully have acquired it, but, as we have seen, there was evidence in no way disputed that he had received the money from the sale of property and from the county for services to the grand jury. For aught that appears, indeed, he may have been a man of large means. So that the bald proposition involved in the admission in evidence of the testimony of the sheriff that defendant had money when arrested is that the defendant was the man who got the money from the bank on the warrants for that forsooth he had some money in his pockets a week or ten days after somebody had so gotten the money from the

bank. We are clear to the conclusion that the one fact had no legitimate tendency to prove the other. To hold otherwise would be to say that there was evidence tending to prove the guilt of this offense of every man in DeKalb county—or elsewhere for that matter—who a week or ten days after its commission happens to have more or less money about his person. The proposition was not that this money was a part of that paid out by the bank, for of that there was no evidence, nor that defendant must have gotten this money from the bank because there was no other source from which he could have got it, for there was no evidence of a want of other means of acquiring it; but simply that having some money he must have gotten it or the jury had right to infer he had gotten it from the bank by means of the false pretense alleged in the indictment. The position is wholly untenable. The testimony should have been excluded, and we can by no means perceive that its erroneous admission did not prejudice the defendant.

The rulings of the court not above referred to or not covered by what we have said are free from error.

Reversed and remanded.