# Mangrall *v.* The State.

*Disposing of Property on Which Another Has a Lien.*

(Decided April 20, 1911. Rehearing denied May 25, 1911.
55 South. 446.)

1. *Appeal and Error; Review; Striking Pleas.*—It is within the discretion of the trial court to allow or to strike a plea in abatement filed by the defendant after he had entered a plea of not guilty, and its action will not be reviewed on appeal.

2. *Same; Harmless Error; Entering Nol Pros.*—Where the evidence given in a criminal case is applicable to either of two counts in the indictment, the defendant is not prejudiced by the voluntary action of the solicitor in entering a nol pros as to one of the counts.

[Mangrall v. The State.]

3. *Same; Evidence; Cured by Other Evidence.*—Where the defend-ant's own testimony tended to show that the evidence admitted was a mistake on the part of the witnesses, it cured any error in over-ruling a motion to strike evidence offered by the state as to a trans-action subsequent to the date of the indictment.

4. *Same; Discretion of Lower Court; New Trial.*—The action of a trial court on motion for new trial in a criminal case is an exercise of a discretion not revisable on appeal.

5. *Indictment and Information; Election.*—Where evidence has been introduced appropriate to sustain the charge' made in each of two counts of the indictment, the state is not required to elect as to which count it will proceed under.

6. *Evidence; Time of Offense.*—Evidence as to a transaction sub-sequent to the date of the indictment on which the trial is being had should be excluded.

7. *Judgment; Motion in Arrest; Grounds.*—The purpose of a mo-tion in arrest of judgment is to raise a question or objection based on something disclosed by the record proper of the trial court, and the motion is properly overruled where the matter objected to is not disclosed by the record although shown by the bill of exception.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Emmet Mangrall was convicted of disposing of prop-erty on which another had a lien, and he appeals. Af-firmed.

The first count in the indictment charged the remov-ing or selling of personal property, to-wit, one black mule, with the purpose to hinder, delay, or defraud one who had a lawful and valid claim thereto; the defend-ant having at the time a knowledge of the existence of such claim. The second count charges that the defend-ant did sell or convey personal property, consisting of one black mule, upon which he had given a written mortgage, lien, or deed of trust, and which was then un-satisfied, without first obtaining the consent of the law-ful owner thereof.

PAUL HODGES, for appellant. By introducing evidence to establish the first count, the state elected to proceed under that count, and it was error to permit him to en-ter a nol pros as to that count and proceed under the

[Mangrall v. The State.]

second count.—*Smith v. The State*, 52 Ala. 384; *Sullivan v. The State*, 68 Ala.. 595; *Tanner v. The State*, 92 Ala. 1; *Upsher v. The State*, 100 Ala. 2. Counsel further insists that the court erred in not excluding the evidence as to the transaction happening after the date of the indictment, and while error without injury is applicable to crime, by the statutes of this state, it is a hard rule to require a defendant to make out a case against himself, and it would seem that injury resulted to the defendant.—*Dennis v. The State*, 118 Ala. 72; *Terry v. The State*, 118 Ala. 80; *Jemison v. The State*, 32 South. 148; *Abernathy v. The State*, 29 South. 845.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. It was within the discretion of the court to allow or strike the plea in abatement, as it was filed after the plea of not guilty had been interposed.—*Grimes v. The State*, 105 Ala. 86; *Davis v. The State*, 131 Ala. 13; *Laws v. The State*, 144 Ala. 118. No election was required by the state.—*Tanner v. The State*, 92 Ala. 5; *Orr v. The State*, 107 Ala. 35; *Lucas v. The State*, 144 Ala. 67. A solicitor may voluntarily elect to strike a count if the evidence is sufficient to sustain a conviction under the other count, and it was a question for the jury to determine.—*Griffin v. The State*, 76 Ala. 29. The motion in arrest of judgment was properly overruled since it presented matter not shown by the record proper but by the bill of exceptions.—*Taylor v. The State*, 112 Ala. 69; *Hampton v. The State*, 133 Ala. 182. Extrinsic evidence will not be heard on such motion.—*Durrett v. The State*, 133 Ala. 120; *Diggs v. The State*, 77 Ala. 68. The action of the court on motion for new trial is not revisable.—*Thomas v. The State*, 139 Ala. 80, and cases there cited.

[Mangrall v. The State.]

WALKER, P. J.—1.  The appellant can get no benefit here from his exception to the action of the trial court in striking his plea of misnomer, which was filed after he had pleaded not guilty, and the case had been continued twice.  It is a matter within the discretion of the trial court to allow or not to allow a plea in abatement to be filed after the defendant has pleaded not guilty.—*Grimes v. State,* 105 Ala. 86, 17 South. 184; *Laws v. State,* 144 Ala. 118, 42 South. 40.

2.  There is no suggestion that there was a misjoinder of counts in the indictment in this case.  After the prosecution had made some progress in the introduction of evidence, the solicitor stated that he would enter a nolle prosequi as to the first count of the indictment, and proceed under the second count.  The defendant then objected to the introduction of any evidence under the second count, on the ground that by the introduction of evidence tending to establish the guilt of the defendant of the offense charged in the first count of the indictment the state had elected to prosecute for that offense, and could not then elect to proceed under the second count of the indictment.  There was no error in the action of the court in overruling this motion.  The evidence which had been introduced related to the alleged act of the defendant in trading off a mule which had been mortgaged.  Some of that evidence was appropriate to support the charge made in either count of the indictment. Up to that point in the trial nothing had been done to indicate that there was an attempt to convict the defendant of two offenses growing out of separate and distinct transactions.  It was not improper to offer evidence in support of either count of the indictment.  The condition of the evidence was such that the solicitor could not have been required to elect under which count he would prosecute; but the defendant

could not have been prejudiced by the voluntary action of the solicitor in abandoning the attempt to secure a conviction under the first count of the indictment.—*Orr v. State,* 107 Ala. 35, 18 South. 142; *Howard v. State,* 108 Ala. 571, 18 South. 813.

3.  The indictment in this case was found in March, 1909, and the trial under it was had in March, 1910. The state examined two witnesses in regard to the transaction of the defendant upon which the charge was sought to be supported.  One of those witnesses spoke of that transaction as having occurred "in June of last year."  The date of the disposition of the mule, as stated by the other witness for the state, was "in June, 1909." It may be conceded that, as the evidence then stood, the trial court should have granted the  motion  of  the defendant to exclude the evidence offered by the state, for the reason that the transactions of the defendant which had been testified to appeared to have been subsequent to the date of the indictment.  But after that motion was overruled the defendant proceeded to offer evidence in his own behalf, which consisted of a statement of what an absent witness would have testified if he had been present.  J. H. Grisham, the mortgagee, as a witness for the state had testified that "in June of last year" the defendant requested of him  permission to trade the mule described in the mortgage, and that he · declined to give such permission.  The statement of the absent witness was to the effect that "in June of the year that defendant is alleged to have disposed of the mule mentioned in the indictment, and, before it was disposed of, he was present with the defendant at the storehouse of Mr. James H. Grisham," and that Mr. Grisham then consented for the defendant to exchange the mule for other stock.  With this evidence before them, the jury were warranted in finding that defendant's request of permission to trade the mule and his disposi-

13 CA

[Mangrall v. The State.]

tion of it occurred before the indictment was found, and that the witnesses for the state had merely erred in the date when testifying as to the transaction in question. This being true, the error in overruling the motion to exclude was cured. There were conflicts in the testimony in other respects, but the sufficiency of the evidence was a question for the jury.

4. The motion in arrest of judgment was predicated on facts which did not appear of record in the court below. The function of a motion in arrest of judgment is to raise a question or objection based upon something disclosed by the record proper of the trial court. The motion was properly overruled for the reason suggested —*Cooper v. State,* 88 Ala. 107, 7 South. 47; *Durrett v. State,* 133 Ala. 119, 32 South. 234. The matter suggested in the motion was that a juror, who, with the consent of defendant, withdrew from the courtroom for a short while during the trial, did not hear all the evidence, it being suggested that objection to the examination proceeding in the absence of the juror was not made at the time because defendant and his counsel did not discover the fact until just after the juror was re-entering the courtroom. Though the objection was not properly presented by a motion in arrest, and though a bill of exceptions does not serve to bring up such a ruling for review here, yet, as the evidence in fact is before us in a bill of exceptions, it may be remarked that it did not support the claim that the juror failed to hear any of the testimony. This remark may be regarded as uncalled for. The obiter statement is made merely to show that this case is not to be set down as an instance of a rule of law operating to the prejudice of a party.

5. It is familiar law that the action of the trial court on a motion for a new trial in a criminal case is not subject to revision on appeal.

Affirmed.