[Gardner v. The State.]

# Gardner *v.* The State.

### *False Pretense.*

(Decided April 18, 1912. Rehearing denied· May 4, 1912.
58 · South. 1001.)

1.· *False Pretense; Indictment; Sufficiency.*—The indictment in this case examined and held to follow the Code form as nearly as the facts permitted, and not subject to demurrer for failure to allege representation calculated to induce C to ·part with his money, or for failure to show that such representations were not true.

2. *Same.*—While the allegations of deception and injury· are of the essence of the crime, the persons upon whom the deception was practised were named in the indictment, and the intent to ·injure or defraud was averred generally, and the indictment was sufficient.

3. *Same; Persons Injured; Co-Partnership.*—It is immaterial whether money obtained by false pretenses was obtained from partners or persons occupying a different relation, and if it were owned by partners, an allegation of ownership in any one or more of the partners would be sufficient. (Section 7147, Code 1907.)

4. *Same; Proof; Owners of Property.*—Where·the indictment merely alleged that the money obtained by false pretense was obtained from two persons named, proof of a partnership between such persons was not essential to a conviction.

5. *Same.*—It is not required that all the alleged false pretenses be proved, it being sufficient if those proved are calculated to deceive and defraud and money is obtained thereby.

6. *Same; Defenses.*—One may be guilty of·obtaining money by· false pretenses though he has reasonable expectation of repaying.the money so obtained.

7. *Same; Mitigating Conduct.*—Where ·one procured money by mortgaging land which he did not own, evidence as to his efforts to perfect title made afterwards was not admissible, as .what he did after the commission of the offense was not relevant even in mitigation thereof.

8. *Same; Evidence; Sufficiency.*—The evidence held to sustain a finding that the money was obtained from the persons named, even if an allegation that it was obtained from such persons was sufficient to charge a joint ownership in such persons.

9. *Same; Evidence.*—Where the prosecution was for obtaining money by mortgaging lands which the defendant did not own, evidence that the defendant owned other lands than those pretended to be mortgaged was not relevant.

10. *Same; Admission of Evidence.*—Where money was obtained by false pretense by mortgaging land which the defendant did not own, evidence of a statement by the defendant to the prosecuting witness

that no patent had issued on the lands which he mortgaged was relevant.

11. *Same; Instructions.*—A charge asserting that whether the person injured had time to ascertain from the government whether a patent had really issued to the land after the alleged statement by accused that he had seen the patent, and before he secured the money, is an inquiry for the jury in determining whether the person injured was induced by defendant's statement that he had seen the patent, was involved and calculated to mislead, and there was no obligation. upon the person defrauded to investigate the statement made by the accused.

12. *Same;   Charges on Facts.*—A charge asserting that the jury might look to the fact if it were a fact along with all the other evidence that the defendant had a warranty title from the entry-man, that the entryman had lived on the land as a homestead and made final proof before conveying to the defendant, and the defendant had paid his money for the land, in determining whether the defendant intended to defraud the prosecutor when he stated that he had seen a patent for the land if he said so, for if the defendant had a reasonable expectation of repaying the borrowed money, or that the prosecutor would get the land which the mortgage conveyed, and it was worth the money obtained by him, then the defendant cannot be found guilty, was properly refused, as giving undue prominence to particular facts.

13. *Same.*—A charge asserting that a false pretense to be indictable must be calculated to defraud and deceive, and must be of the material facts on which the party to whom it is made had the right to rely, and did rely, and not of facts open to observation, in reference to which if he observed, he could obtain correct knowledge, and that the pretense must have been the controlling inducement causing the person injured to part with his money, and unless such is shown to the jury by evidence that convinces them beyond all reasonable doubt, they should acquit, and if in the absence of the pretense alleged, the person injured would have let the defendant have the money, there can be no conviction, was proprly refused as argumentative.

14. *Evidence; Confessions.*—Were it appears circumstantially that an admission made by the defendant was made voluntarily, no preliminary proof is necessary.

15. *Witnesses; Examination; Cross.*—The extent of cross-examination rests largely in the discretion of the trial court.

16. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges fully covered by written charges given.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

James S. Gardner was convicted of obtaining money under false pretenses, and he appeals. Affirmed.

The indictment was as follows: "The grand jury of said county charges: That before the finding of this in-

dictment James S. Gardner did falsely pretend to N. B. Crawford, with the intent to injure or defraud, that he owned 320 acres of land, more or less, in Washington county, Florida. [Here follows description of land.] That the title to said land was clear, that said lands had been entered by his brother and another person, who had proved it up, and a patent from the government had been issued to them, and he had seen the same, and by means of false pretense obtained from N. B. Crawford and W. H. Crawford $1,000," etc. The demurrers raise the question that the indictment fails to aver any representations calculated to induce the Crawfords to part with their money, or any representation calculated to injure the Crawfords, if not true; also that it fails to negative the truth of the false pretenses, or show that they were not true.

The following charges were refused the defendant: (A) "The jury may look to the fact, if it be a fact, along with all the other evidence in the case, that the defendant had a warranty title from the entryman, that the entryman had lived on the land as a homestead, and made the final proof before they conveyed to the defendant, and that he had paid his money for this land, in determining whether it was the purpose of the defendant to perpetrate a fraud upon the Crawfords at the time he said that he had seen the patent (if he said so); for if the defendant had a reasonable expectation of repaying the borrowed money, or that the Crawfords would get the land which he had mortgaged, and it was worth the money obtained by him, then the defendant cannot be found guilty as charged." (B) 'A false pretense, to be indictable, must be calculated to defraud and deceive. It must be of a material fact, on which the party to whom it is made had the right to rely, and did in fact rely, and not of facts open to observation,

and in reference to which, if he observed, he could obtain correct knowledge. The pretense alleged must have been the controlling inducement that caused the Crawfords to part with their money, and unless such is shown to the jury by evidence that convinces them beyond all reasonable doubt, they should acquit the defendant; and if in the absence of the pretense alleged the Crawfords would have let Gardner have the money, there can be no conviction." (C) "Whether or not the Crawfords had time to ascertain from the government whether a patent had really issued, after the alleged saying of the defendant, and before he secured the money from them, is an inquiry for the jury, in determining whether they were so induced by defendant saying he had seen the patent." (D) "Unless the Crawfords had lost their money, or if there is any probability of their getting it through the security given by the defendant, they cannot be said to be defrauded, and unless they have been defrauded the jury cannot find the defendant guilty." (E) "Unless the evidence shows that N. B. and W. H. Crawford were partners, or that the same representations were made to W. H. Crawford, as is alleged in the indictment, and that, too, in Houston county, in the state of Alabama, this defendant cannot be found guilty as charged." (F) "If any portion of the $1,000 loaned to the defendant was made by W. H. Crawford, and there is no proof showing that any representations were made to him, and there is no partnership shown to have existed at the time of the loan, then this defendant cannot be found guilty as charged in the indictment."

PACE & CHAPMAN, for appellant. Counsel discuss the demurrers to the indictment, but without citation of authority. They insist that the defendant should have been permitted to prove that he owned other land than the lands mortgaged at the time the mortgage was given·

—*Commonwealth v. Jeffries,* 83 Am. Dec. 712; *Commonwealth v. Drew,* 153 Mass. 588; 12 A. & E. Enc. of Law, 859. On these same authorities written charge B should have been given. The court should have excluded evidence that the defendant said that no patent had ever issued to the land, and that the application of the entryman had never been proved.—*People v. Simonson,* 107 Cal. 345; *State v. Penny,* 70 Ia. 190; *McAlpine v. The State,* 117 Ala. 93; *Johnson v. The State,* 142 Ala. 1· Charge D should have been given.—*O'Connor v. The State,* 30 Ala.; *Beasley v. The State,* 59 Ala.; *Woods v. The State,* 133 Ala. 162; *Leith v. The State,* 132 Ala. 26. Counsel discuss the other exceptions to evidence, and the refused charges, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The indictment followed the Code form as nearly as the facts would permit, and was sufficient.—Sec. 6920, Code 1907; *Bobbett v. The State,* 87 Ala. 91; *Pearce v. The State,* 115 Ala· 115; *Meek v. The State,* 117 Ala. 116. What the defendant did after the commission of the crime could not mitigate the offense.—*Carlisle v. The State,* 77 Ala. 71; *Meek v. The State,* 117 Ala; 116. It is insisted on these authorities that the court was not in error in any of its rulings.

PELHAM, J.—The defendant is indicted for obtaining money by false pretenses in violation of section 6920 of the Code of 1907. The indictment was not subject to the demurrers interposed. It followed the Code form (No. 58, p. 670 of the Code), as nearly as the facts would permit, in the manner of stating the act constituting the offense charged.

The averment of intent to injure or defraud was al-leged generally, without naming the particular person intended to be defrauded, as is authorized by section 7146 of the Code, and, the allegation of deception and injury being the very essence of the crime *(Colly v. State,* 55 Ala. 85; *Chauncey v. State,* 130 Ala. 71, 30 South. 403, 89 Am. St· Rep. 17), and the particular per-son upon whom the deception was practiced being named in the indictment, and the intent being averred gen-erally, it could hardly be said that the allegation nam-ing the person or persons from whom the money was obtained constitutes a main ingredient of the offense; but, even if such be the case, the indictment named the two persons from whom the money was obtained, and it makes no difference in an indictment charging this offense whether the individuals named from whom the money was obtained were associated as partners in busi-ness or what relationship existed between them.

· The allegation is that the money was obtained from these two named persons, and it would be sufficient to allege the ownership of the property, even did it consti-tute an ingredient of the offense, in any one or more of the partners or owners, whenever it belongs to more than one.—Code 1907, § 7147.

In this connection, counsel for appellant contend that the allegation in the indictment that the money ($1,000) was obtained from N. B. Crawford and W. H. Crawford is an averment of joint ownership that is not supported by the proof, and that the defendant therefore is entitled to the general charge because of a variance. The state's witness N. B. Crawford testified that the defendant ob-tained $1,000 from him and his brother, W. H. Craw-ford, and executed a mortgage payable to W. H. Craw-ford and N. B. Crawford jointly, purporting to secure the amount of money obtained. This witness stated,

also, that he paid the money to the defendant, and that half of the money belonged to him, and half belonged to W. H. Crawford. This testimony is amply sufficient to sustain the allegation in the indictment that the money was "obtained from N. B. Crawford and W. H. Crawford."

The action of the court in refusing to allow the defendant to show by the witness N. B. Crawford on cross-examination that the defendant owned other lands was free from error. The fact of the defendant's ownership of other land was not relevant to the issues.

The range and extent of cross-examination is a matter resting largely in the discretion of the trial court (*Noblin v. State*, 100 Ala. 13, 14 South. 767; *Ry. Co. v. Brantley*, 132 Ala. 655, 32 South. 300), and this discretion is not shown to have been abused by the court in sustaining any of the state's objections made to questions propounded to this witness on cross-examination.

The admision of the defendant, testified to by the witness Farmer, to the effect that the defendant had stated to him at Panama City that no patent had issued on the land which he had mortgaged to the Crawfords, was prima facie voluntary, made under circumstances showing it to be a voluntary statement of the defendant, and no preliminary proof is necessary where it appears circumstantially that the admission is made voluntarily.—*Braham v· State*, 143 Ala. 28, 38 South. 919; *Stevens v. State*, 138 Ala. 71, 35 South. 122; *Whatley v. State*, 144 Ala. 68, 39 South. 1014.

The admission was relevant, and tended to support the allegations of false pretenses made in the indictment, and was not inadmissible, as contended by counsel, because the corpus delicti had not been proven, for the witness N. B. Crawford had previously testified to the facts making complete proof of the corpus delicti.

This witness had testified, without objection, before the admission was allowed, to the false pretense made by the defendant. to have consisted in representing to the witness. that a patent had issued from the government on the land, and that by such representation the defendant had obtained the thousand dollars from N. B. and W. H. Crawford, and that subsequent to the representation made by the defendant and the payment of the money to the defendant the witness Crawford had found out from the Land Office that no patent had issued from the government Land Office on the land in question.

What the defendant did after the commission of the offense was not relevant, and testimony of his subsequent actions or conduct was not admissible, even in mitigation of the offense, and the court properly refused to allow the defendant to make proof of what efforts he afterwards made to perfect title to the land, or whether he was prevented from doing so by an injunction.—*Hurst v. State*, 1 Ala. App. 235, 56 South. 18; *Mangrall v. State*, 1 Ala. App. 189, 55 South. 446; *Carlisle v. State*, 77 Ala. 71; *Meek v. State*, 117 Ala. 116, 23 South. 155.

It is not necessary to a conviction under an indictment charging false pretenses that all of the pretenses averred must be proven. If those proven are intended and calculated to deceive and defraud, and on the strength of any one of them the property or money is obtained, this is sufficient.—*Beasley v. State*, 59 Ala. 20; *Woods v. State*, 133 Ala. 166, 31 South. 984; *Leath v. State*, 132 Ala. 26, 31 South. 108.

Charge A, refused by the court, gives undue prominence to parts of the evidence and predicates an acquittal upon the defendant's having a reasonable expectation of repaying the money obtained, when the offense

may be complete without regard to such an expectation upon the part of the defendant.

Charge B is argumentative. The correct propositions contained in this charge are covered by the numerous given charges.

Charge C is involved and calculated to mislead. No obligation or necessity rests upon the person defrauded to make an investigation of the statement made to him by the defendant.

Charge D is more than covered by given charge No. 11.

Charges E and F are patently bad. Proof of a partnership between the Crawfords was not necessary to sustain a conviction.

From what we have said in a discussion of the evidence and the principles involved as constituting the offense it will be seen that there was no error in refusing the general charge requested by the defendant, and the case will be affirmed.

Affirmed.