# Feagin *v.* The State.

## *False Pretense.*

(Decided February 13, 1913.   61 South. 464.)

1. *False Pretense; Indictment; Sufficiency.*—An indictment under section 6920, Code 1907, which avers the making by defendant, with intent to defraud of a false pretense of the existence at that time of a fact, and by means of such false pretense obtaining money or other personal property from a named party, is sufficient and not subject to the demurrer interposed.

2. *Trial; Objection to Evidence.*—The bill of exceptions not showing to the contrary, it will be presumed that a statement of a witness to which the defendant objected after it had been made, was responsive to a question to which the defendant had not objected, and that the objection was unavailing

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Earley Feagin was convicted of obtaining money and property by false pretenses, and he appeals. Affirmed.

Omitting formal charging part, the indictment was as follows: "Early Feagin did falsely pretend to C. A. Coston, with the intent to defraud, that he owned in his own right 120 acres of land, which was free from incumbrance, and that there was no lien on same, and by means of such false pretense executed a mortgage on said land to the First Bank of Red Level, a corporation, under the laws of Alabama, and thereby obtained from said First Bank of Red Level one mule of the value of $140, two tons of fertilizer of the value of $45, and money of the United States currency, to the amount of $100, an exact description and denomination of which is unknown, of the aggregate value of $285, the personal property of the First Bank of Red Level, a corporation as aforesaid." The demurrers were that it did not charge any offense; that it did not set out and describe the land; fails to set out the mortgage alleged to have been executed; vague and uncertain; that it does not appear from the allegation with that certainty the law requires what crime, if any, the defendant is charged with having committed; shows on its face that the party alleged to have been injured or defrauded relied on the mortgage alleged to have been executed by the defendant as security for the goods or property obtained by the defendant, and not upon the representations made by the defendant.

JAMES F. JONES, for appellant. The offense charged was that denounced by section 6920, and the form which should have been used was form 59, while the indictment was drawn under form 58. The indictment was,

therefore, demurrable.—Section 7143, Code 1907; *Webster v. The State,* 147 Ala. 121; 3 Wharton's Crim. Law, 3201.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The demurrers to the indictment were properly overruled. It contained the essential ingredients of the offense charged.—Code, Form 59, p. 670; Code, Section 6920; *Bobbitt v. State,* 87 Ala. 91; *Pearce v. State,* 115 Ala. 115; *Meek v. State,* 117 Ala. 116; *Gardner v. State,* 58 South. Rep. 1001. The objection to the statement of the witness Deens came too late.—*McAlman v. State,* 96 Ala. 98; *Billingslea v. State,* 96 Ala. 126; *Ellis v. State,* 105 Ala. 72; *Downey v. State,* 115 Ala. 108, 112; *Stowers Furniture Company v. Brake,* 158 Ala. 639, 648.

WALKER, P. J.—The indictment in this case in averring the making by the defendant, with the intent to defraud, of a false pretense of the existence at that time of a fact, and that by means of such false pretense he obtained money and other personal property from the party named, sufficiently showed the commission by the defendant of the statutory offense of obtaining property by false pretenses (Code, § 6920), and it was not subject to the demurrer interposed to it.—*Meek v. State,* 117 Ala. 116, 23 South. 155; *Gardner v. State,* 4 Ala. App. 131, 58 South. 1001.

The bill of exceptions not showing to the contrary, it may be presumed that the statement of the witness Deens to which the defendant objected after it had been made was responsive to a question or questions propounded to the witness which were not objected to. So it is not made to appear that the defendant was entitled to avail himself of that objection at the time it was

[Williams v. The State.]

made, as he was without the right in such a way to speculate on the answer a witness would make to a question or questions asked him.—*Billingsley v. State,* 96 Ala. 126, 11 South. 409; *Stowers Furniture Co. v. Brake,* 158 Ala. 639, 48 South. 89.

No error is found in the record.

Affirmed.