(75 South. 728)

### FOOTE v. STATE. (8 Div. 534.)

(Court of Appeals of Alabama. June 5, 1917.)

1. CRIMINAL LAW ⬉⬉828 — AFFIRMATIVE CHARGE—WRITTEN REQUEST.

A general affirmative charge requested in a criminal case was properly refused, where it was not requested in writing as required by Code 1907, § 5364, as amended by Acts 1915, p. 815.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2007.]

2. CRIMINAL LAW ⬉⬉1128(2)—PRESENTATION FOR REVIEW—AFFIRMATIVE CHARGE—WRITTEN REQUEST.

An affidavit of defendant's counsel, attached to his brief on appeal in a criminal case, stating that the general affirmative charge in defendant's behalf was requested in writing, could not be considered; it not being permissible to supplement or correct a bill of exceptions by extraneous evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2953.]

3. CRIMINAL LAW ⬉⬉1121(3)—APPEAL—BILL OF EXCEPTIONS—EVIDENCE.

In the absence of an express statement to that effect, the reviewing court will not presume that the bill of exceptions contains all the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2939.]

4. CRIMINAL LAW ⬉⬉696(5)—EVIDENCE—MOTION TO EXCLUDE—TIMELY OBJECTION.

In a criminal case, a motion to exclude testimony, where no timely objection had been made to the question eliciting it, was properly denied.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1640.]

5. CRIMINAL LAW ⬉⬉696(8)—EVIDENCE—MOTION TO EXCLUDE.

Accused cannot secure the exclusion of testimony which he has elicited by his own question.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1644.]

6. FALSE PRETENSES ⬉⬉38 — ALLEGATIONS AND PROOF—AMOUNT OF MONEY.

In a prosecution for obtaining money under false pretenses, the state need not prove that defendant in the manner alleged obtained the exact amount of money mentioned in the indictment; the allegations as to the amount of money obtained not being descriptive of the essential ingredient of the offense.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 50–53.]

7. FALSE PRETENSES ⬉⬉38 — ALLEGATIONS AND PROOF.

In a prosecution for obtaining money under false pretenses, it is not necessary that all the pretenses alleged be proven, but is sufficient that those proven were intended and calculated to deceive and defraud, and that, on the strength of any one of them, the money was obtained.

[Ed. Note.—For other cases, see False Pretenses, Cent. Dig. §§ 50–53.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Charles H. Foote was convicted of obtaining money under false pretenses, and appeals. Affirmed.

James C. Phelps, of Guntersville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted of the offense of obtaining money under false pretenses. On this appeal, it is insisted that the court erred: (1) In refusing to give the affirmative charge for the defendant; (2) in its rulings upon the evidence; and (3) in its refusal to give written charges 1 and 2 requested by the defendant.

[1] 1. The general affirmative charge, not having been requested in writing, as required

by section 5364 of the Code of 1907, as amended by Acts 1915, p. 815, was properly refused. The refusal of a charge requested, which is not shown to have been asked in writing, does not constitute reversible error, but it will be presumed to have been refused because it was not asked in writing. Henderson v. State, 137 Ala. 83, 34 South. 828. In the instant case, it affirmatively appears that the general charge in favor of the defendant was not requested in writing, the bill of exceptions reciting that:

"Defendant's counsel, in his argument to the court, asked for the general affirmative charge on the following grounds," etc.

The charge is not in the record.

[2] In this connection, we note the affidavit of defendant's counsel attached to his brief, to the effect that the general affirmative charge in behalf of defendant was requested in writing. Under the uniform holding in this state, this affidavit cannot be considered, as a bill of exceptions cannot be supplemented or corrected by extraneous evidence, either oral or written. Edinburgh-American Land Mortgage Co., Limited, v. Canterbury, 169 Ala. 444, 53 South. 823; Box et al. v. Southern Ry. Co., 184 Ala. 598, 64 South. 69; Leeth v. Kornman, Sawyer & Co., 2 Ala. App. 311, 56 South. 757.

[3] 2. There are two exceptions to the ruling of the court upon the evidence. The bill of exceptions in this case does not purport to set out all of the evidence adduced upon the trial. In fact, the judge's charge affirmatively shows, in his commenting on the evidence, that there was other evidence before the court which is not set out in the bill of exceptions. The bill of exceptions does not state that it contains all of the evidence in the case, and, where this is not expressly stated, this court cannot hold that the bill contains all of the evidence. Griggs v. State, 58 Ala. 425, 29 Am. Rep. 762; Gill v. State, 43 Ala. 38; Hood v. Pioneer M. & M. Co., 95 Ala. 461, 11 South. 10.

[4] Furthermore, from aught that appears from the bill of exceptions, there was no timely objection made to the questions propounded to witnesses Jacobs and Sumner; to the contrary, it appears that the objections were interposed after the questions eliciting the evidence had been answered. The objections were therefore too late, and there was no error in the ruling of the court in overruling the objections and in refusing to exclude the answers of the witnesses. Davis v. State, 2 Ala. App. 145, 56 South. 739; Johnson v. State, 4 Ala. App. 62, 58 South. 754; Tice v. State, 3 Ala. App. 164, 57 South. 506; Phillips v. State, 161 Ala. 60, 49 South. 794. It is not error for the court to refuse to exclude testimony from the jury on motion of a defendant who has not made timely objection to the question eliciting it. Turney v. State, ante, p. 134, 75 South. 726; Key v. State, 8 Ala. App. 2, 62 South. 335.

[5] Further, when a party by his own question elicits testimony, he is precluded from the right to have it excluded. Turney v. State, supra; Wright v. State, 108 Ala. 60, 18 South. 941; Hammond v. State, 147 Ala. 79, 41 South. 761. However, from a careful examination of the question presented as to the ruling of the court on the evidence of J. C. Jacobs and W. B. Sumner, it clearly appears that the court's action in this connection was free from error. Gardner v. State, 4 Ala. App. 131, 58 South. 1001.

[6] 3. Written charge 1 requested by the defendant was properly refused. The state is not required to prove that the defendant, in the manner alleged, obtained the exact amount of money mentioned in the indictment; the averment of the amount of money obtained was not descriptive of the essential ingredient of the offense charged. Hope v. State, 5 Ala. App. 123, 59 South. 326; Cheshire v. State, 10 Ala. App. 139, 64 South. 544.

[7] The refusal of charge 2 was without error. It is not necessary to a conviction, under an indictment charging false pretenses, that all of the pretenses averred must be proven. If those proven are intended and calculated to deceive and defraud, and on the strength of any one of them the money is obtained, this is sufficient. Beasley v. State, 59 Ala. 20; Woods v. State, 133 Ala. 166, 31 South. 984; Leath v. State, 132 Ala. 26, 31 South. 108; Gardner v. State, 4 Ala. App. 138, 58 South. 1001.

There being no error in the record, the judgment of conviction is affirmed.

Affirmed.