**DeWitt EASTER, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3636.**

District of Columbia Court of Appeals.

Argued Feb. 8, 1965.

Decided April 29, 1965.

**626**

Peter Barton Hutt, Washington, D. C., with whom Michael S. Horne, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This appeal stems from appellant's conviction for public intoxication in violation of 25 D.C.Code 1961, § 128(a).[1] The trial judge found him guilty, sentenced him to serve 90 days in jail and suspended execution thereof. There was no dispute that when arrested appellant was in fact drunk in a public place, as charged, although he entered a plea of not guilty.

Appellant presented proof that he was a chronic alcoholic and that his condition at the time of arrest was the direct result of his addiction. He had, in fact, been consuming alcoholic beverages intemperately for over thirty years and had been previously arrested for the same offense here approximately seventy times.

His principal claim of error is that the trial judge failed to find him innocent of the intoxication charge on the ground that his alcoholic condition afforded a complete defense because it negatived the *mens rea* or necessary criminal intent to commit the offense. Error is also charged in the refusal to specifically find that appellant is a chronic alcoholic and a sick person.[2]

 There is a settled rule of common law that before the accused can be held responsible for the commission of a crime, he must possess the legal intent to commit the crime. The fact that one commits a crime while intoxicated as a result of his own voluntary drinking does not affect his criminal responsibility.[3]

"Voluntary drunkenness excuses no man for the commission of a crime which does not involve a specific intent, or malice, regardless of the nature

---

1. " * * * No such person shall be drunk or intoxicated in any street, alley, park, or parking; or in any vehicle in or upon the same or in any place to which the public is invited, or at any public gathering and no person anywhere shall be drunk or intoxicated and disturb the peace of any person."

2. These requested findings were irrelevant and immaterial to the charge.

3. See Hopt v. Utah, 104 U.S. 631, 26 L. Ed. 873 (1882); Ryan v. United States, 26 App.D.C. 74, 81 (1905); Sabens v. United States, 40 App.D.C. 440, 443 (1913).

and character of his mental condition as a result therefrom. The most that can be claimed on such subject is that the fact of excessive drunkenness is sometimes admissible to reduce the grade of the crime, when the question of intent, malice, or premeditation is involved." Laws v. State, 144 Ala. 118, 42 So. 40, 41–42 (1905).[4]

■ Where the accused becomes intoxicated without his consent, through force or fraud of another person, his condition is that of involuntary drunkenness and a criminal act committed by him while in such state may be defended by whatever the circumstances justify. Choate v. State, 197 P. 1060 (Okl.1921).

■ Appellant argues that he became intoxicated due to an uncontrollable desire for alcohol brought about by his long-continued indulgence and therefore his intoxication was involuntary. Extended habits of intemperance which produce permanent mental disease amounting to insanity relieve an accused of responsibility under the law. Insanity of this type is identical in law with insanity arising from other causes. Harris v. United States, 8 App.D.C. 20, 28 (1896); State v. Kidwell, 62 W.Va. 466, 59 S.E. 494 (1907). On the other hand, habitual use of intoxicants causing dipsomania, defined in medical jurisprudence as an irresistible impulse to indulge in intoxicants, does not, if not resulting in insanity, afford any excuse for a crime committed while intoxicated. "Voluntary drunkenness does not excuse crime, nor does our law recognize, as excusing, what is called 'dipsomania,' or distinguish between an irresistible impulse for intoxicating drinks and a mere inordinate appetite for them, brought on by long and continual indulgence." State v. Potts, 100 N.C. 457, 6 S.E. 657, 660 (1888).

■ Here appellant was convicted of an offense that required no specific intent. It was neither argued nor shown that appellant's alcoholic condition had resulted in insanity. It is contended only that his alcoholism, *per se*, vitiated his criminal responsibility for being intoxicated in a public place. This position is untenable under recognized common law principles. It is our duty to administer the law upon settled principles. "If it be fit that another rule of law should prevail, it will be for the legislature to prescribe it. * * *" Harris v. United States, supra.

■ Counsel for both appellant and the government request a ruling on the applicability of the Rehabilitation of Alcoholics Act, 24 D.C.Code 1961, § 501 et seq. Appellant argues that the common law in this jurisdiction has been changed by its enactment. We do not agree. The Act provides that a trial judge in any criminal case in which the evidence indicates the defendant is a chronic alcoholic *may* suspend the proceedings and order a hearing to determine whether the defendant is a chronic alcoholic. If after hearing it is so determined, the court *may* direct that he be committed to the District of Columbia Alcoholic Rehabilitation Clinic for treatment and rehabilitation. 24 D.C.Code 1961, § 504. The statute does not abrogate the common law rules regarding criminal responsibility of chronic alcoholics nor cancel the prohibition by statute of drunkenness in public. 25 D.C.Code 1961, § 128. It does furnish a permissive alternative procedure to criminal conviction if the trial judge feels it might be helpful for the alcoholic defendant to utilize the opportunity for treatment and rehabilitation. Peoples v. District of Columbia, D.C.Mun.App., 75 A.2d 845, 848 (1950). In view of the past history of seven or eight unsuccessful referrals of appellant to the Clinic for rehabilitation, it was not an abuse of discretion for the trial judge to decline to again refer him for that purpose in the present case.

4. Cf. Heideman v. United States, 104 U.S.App.D.C. 128, 131, 259 F.2d 943, 946 (1958).

■ Appellant also argues that the District Commissioners have not complied with the Act by certifying to the District of Columbia Court of General Sessions that "proper and adequate treatment facilities and personnel" are available to carry out the rehabilitation program. Concededly, no facilities for the confinement and hospitalization of the chronic alcoholic are available to provide comprehensive treatment, personnel and hospital accommodations for every chronic alcoholic who appears in the trial court, but there is established an out-patient Clinic for the purposes of the Act. Appellant's protest is clearly directed to what are recognized as inadequate and insufficient facilities and to the present treatment available at the Clinic due to lack of funds. This shortage is improperly addressed to the attention of the court, which is wholly without means of solving the problem. Redress and correction, if need be, lie with the Congress for enlargement and improvement of the program. The answer cannot be found in wholesale dismissals of public intoxication charges and release of habitual drunks into the streets, parks and alleys of the community because of the absence of full implementation of a rehabilitation of alcoholics program which is outside of the court's jurisdiction. No matter what might be our personal views and sympathies in respect to the community alcoholic problem, we are not authorized under the law to solve it by ignoring the criminal sanctions prescribed by 25 D.C. Code § 128. The alcoholic's situation is the concern of all local residents, but appellant's complaints here are not justiciable but rather matters of policy to be met and resolved in a legislative forum. Appellant's appearance in the trial court after lawful arrest was for violation of a valid statute in this jurisdiction and his guilt of the charge was properly established after trial. That his chronic alcoholic condition needs further treatment and attention does not affect that conviction.

■ Finally, appellant complains that to convict him of the charge of intoxication in a public place, even though true and proscribed by statute, is to subject him to cruel and unusual punishment. He relies upon Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). He does not challenge that the penalty imposed upon him was too harsh, but argues that his acts cannot be constitutionally punished as a crime because he is a chronic alcoholic. A separate opinion by Chief Judge Bazelon in Hutcherson v. United States, 120 U.S.App.D.C. ——, 345 F.2d 964, decided March 18, 1965, explained the holding in Robinson as follows:

"Robinson held that it was cruel and unusual to punish an addict for his addiction; addiction was characterized as a diseased state which could not be considered a crime. Appellant states that there is no meaningful difference between the punishment of an addict for being an addict and the punishment of an addict for possessing the drugs his body compellingly craves. * * *

"* * * The Supreme Court did not bar punishment for possession of drugs, use of drugs, or even the *act of being under the influence of drugs.*" [Emphasis supplied.]

In the instant case appellant was not punished because of his addiction to alcohol. He was convicted for being intoxicated in public. Any person, whether an alcoholic or not, who is drunk in any public place in the District of Columbia, is subject to the same penalty.

We hold that appellant's conviction for intoxication in public in violation of the statute was proper upon the evidence and the trial judge did not err in failing to refer him for "appropriate medical, psychiatric" or other form of rehabilitative treatment under the Rehabilitation of Alcoholics Act.

Other errors alleged have been considered and we find them without merit.

Affirmed.